# Korn *versus* Hohl.

1. A lease covenanting to pay a money rent at stipulated times is a writing for the payment of money within the Affidavit of Defence Law.

2. By an agreement the defendant covenanted to "be responsible * * * for the performance * * * of the covenants * * * in the lease * * * on the part of (the lessee) * * * to be paid, done and performed," &c. : *Held*, not to be a guaranty but a contract of suretyship.

3. The agreement was a writing to pay money within the Affidavit of Defence Law.

4. Dewey *v.* Dupuy, 2 W. & S. 553 ; Frank *v.* Maguire, 6 Wright 77 ; Johnston *v.* Cowan, 9 P. F. Smith 275 ; Reigart *v.* White, 2 Id. 438, followed.

January 13th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the District Court of Philadelphia, No. 137, to January Term 1874.

This was an action on the case, &c., brought September 18th 1873, by Henry Korn against Philip Hohl.

As his cause of action the plaintiff filed the copy of a lease from himself to Reinhold Vollmar, for a house and lot No. 217 North Fifth street, Philadelphia, for the term of five years from the 12th of December 1872, the lessee covenanting to pay rent at the rate of $800 per annum in quarterly payments, with other covenants not material to the case.

The defendant, Kohl, by agreement endorsed on the lease bound himself to "be responsible * * * for the true and faithful performance of all and singular the agreements, covenants, &c., * * *

[Korn *v.* Hohl.]

in the lease, * * * which on the part of the within-named Rein-hard Vollmar * * * are to be paid, done or performed."

The defendant filed an affidavit of defence, one part of which was :—

" That the writing sued upon he is informed, is not such an instrument within the meaning of the Act of Assembly as permits judgment to be taken as against a surety for rent, inasmuch as the defendant signed an independent paper which contained a con-dition only rendering deponent liable in the event of a failure of other persons to comply with another agreement."

Judgment was entered for the plaintiff for want of a sufficient affidavit of defence and the damages assessed at $481.69.

The defendant took a writ of error and assigned for error the entering the judgment as above stated.

*A. S. Shields,* for plaintiff in error.

*H. Hazlehurst,* for defendant in error.

Judgment was entered in the Supreme Court, January 24th 1876,

PER CURIAM.—The lease in this case contained a covenant to pay a certain money rent at stipulated times. This was a writing for the payment of money. The defendant was not a guarantor merely, but a surety for the performance of the tenant's contract, and therefore liable for the money rent. His agreement was there-fore a writing to pay money, and the fact that he was surety or that his covenant was for the benefit of another, does not take it out of the Affidavit of Defence Law. These points are fully cov-ered by the cases in Dewey *v.* Dupuy, 2 W. & S. 553; Frank *v.* Maguire, 6 Wright 77; Reigart *v.* White, 2 P. F. Smith 438; Johnston *v.* Cowan, 9 Id. 275.          Judgment affirmed.