# Haynes et al., Appellants, *v.* Synnott.

*Landlord and tenant—Suretyship—Payment of taxes—Lease—Alteration*
*—Affidavit of defence.*

Plaintiffs leased to a tenant property in Massachusetts for five years from June 1, 1886. The lessee covenanted to pay the taxes " which may be payable for or in respect of the said premises, or any part thereof, during the said term." Plaintiffs paid the taxes assessed May 1, 1886; the lessee paid the four years following, but not the fifth. Plaintiffs paid the taxes for the fifth year, and then brought suit against defendant, the tenant's surety, to recover the amount last paid. Plaintiffs averred in their statement that in Massachusetts taxes were assessed on May 1st, and that under the lease, which was executed in Massachusetts, the tenant was bound to pay the taxes levied and assessed during his term. The defendant in his affidavit of defence averred that " the lessee did not covenant to pay to the plaintiffs the taxes levied and assessed on the demised premises, the words which import such covenant having been scored out in the contract and intended to be eliminated. The taxes now claimed for were not payable for or in respect of the said premises or any part thereof during the said term, but were for taxes payable from the property for the year ending May 1, 1892, covering but one month of the lease." The affidavit did not deny that the copy of the lease filed was a true copy, and it did not specify what words were " scored out and intended to be eliminated." *Held*, that the affidavit of defence was insufficient to prevent judgment.

*Suretyship—Extension of time—Payment of taxes—Previous demand.*

Where a tenant has covenanted to pay taxes, the mere giving of time to him for the payment of his taxes does not release the tenant's surety from his obligation; and, in such case, where the landlord has paid the taxes, no previous demand on the tenant is necessary before bringing suit against the surety.

Argued Jan. 2, 1894. Appeal, No. 200, Jan. T., 1893, by plaintiffs, John W. Haynes et al., from order of C. P. No. 4, Phila. Co., March T., 1892, No. 200, discharging rule for judgment for want of sufficient affidavit of defence. Before STER-
RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Rule for judgment for want of sufficient affidavit of defence in assumpsit against surety of tenant to recover taxes which the tenant had covenanted to pay.

Plaintiffs' statement was as follows:

" The plaintiffs bring this suit to recover from the defendant the sum of $308.70, with interest from Oct. 31, 1891, upon the following facts :

" The plaintiffs, with the late Oliver Ditson, who were trading as Oliver Ditson & Co.. of Boston, Massachusetts, on or about January 31, 1886, leased to Albert G. Smalley a certain piece of partnership land in the said city of Boston on North street, more particularly described in the lease (a true copy of which is hereunto annexed), from the first day of June, 1886, for the term of five years. The rent agreed upon by the said lease was $1,764 a year, payable in monthly installments, and the said lessee, Albert G. Smalley, covenanted to pay, in addition to the rent aforesaid, all 'the taxes and water taxes payable on said premises or any part thereof during the said term.'

" The said Albert G. Smalley, on the expiration of the term of the lease, June 1, 1891, had paid all the rent aforesaid, and all the taxes, except the tax which was levied and assessed on the said leased premises on the first day of May of said year 1891, by the city of Boston, amounting to $308.70, whereupon the plaintiffs, on October 31, 1891, were obliged by law to pay, and did pay the said tax of $308.70 to the said city of Boston. The said lease was made and executed in Boston, Massachusetts, for property situated in Boston, and its covenants were to be performed there, and it was therefore subject to the laws of Massachusetts, under which a tenant who contracts by his lease to pay the taxes on the leased property during his term is liable for all taxes levied and assessed during such term. The said Smalley did not pay and was not bound to pay the taxes assessed May 1, 1886.

" The defendant in this suit, Thomas W. Synnott, bound himself for the punctual payment of the rent and taxes reserved in the said lease by writing annexed to said lease, of which the following is a true copy :

" 'In consideration of the execution of the preceding lease, and of one dollar to me paid, the receipt whereof is hereby acknowledged, I do hereby guarantee to the said Oliver Ditson & Company the true and punctual payment of the rent and taxes reserved at the times mentioned, and in default thereof I promise to pay the same on demand,' (with signature, etc.)

" The defendant, Thomas W. Synnott, thereby became liable

for the payment of the said $308.70, which the said lessee had neglected and refused to pay and still refuses to pay. The said Thomas W. Synnott, defendant, has often been requested to pay said sum in accordance with his said undertaking, but has always refused and still refuses to pay said sum or any part thereof, and the same is now unpaid, wherefore the plaintiff brings this suit and craves judgment for the amount as aforesaid."

The copy of the lease filed showed a covenant for the payment of the " taxes and water taxes which may be payable for or in respect of the said premises or any part thereof during the said term."

The original lease, produced on the argument in the court below, read, " all taxes and water taxes [and assessments whatsoever, whether in the nature of taxes now in being or not] which may be payable," etc, the part in brackets being erased.

The affidavit of defence averred:

" 1. The said Albert G. Smalley, lessee, did not covenant to pay to the plaintiffs the taxes ' levied and assessed ' on the demised premises—the words which import such covenant having been scored out in the contract and intended to be eliminated.

" The taxes now claimed for were not ' payable for or in respect of the said premises or any part thereof during said term,' but were for taxes payable from the property for the year ending May 1, 1892, covering but one month of the term of the lease.

" 2. I am informed and believe that after the making of the said lease the said plaintiffs and the said Smalley entered into an agreement unknown to me by which the lessee was given time for the payment of the taxes, and that by reason of such agreement the taxes which should have been collected at the proper time are now sought to be recovered against me under my contract of suretyship.

" 3. I believe that no demand has been made upon the said Smalley, the lessee, for the payment of the said taxes. I have been advised and upon such advice aver that the said Smalley was obliged by the terms of his lease to pay the taxes on the property from June 1, 1886, to the end of his term of tenancy, including eleven-twelfths of the taxes assessed for that year.

" 4. I am informed and believe that the said Smalley has

means and property within the jurisdiction of the courts of Massachusetts which should be exhausted before I am called on to pay any rent or taxes under the lease."

Rule for judgment discharged.   Plaintiffs appealed.

*Error assigned* was above order.

*Francis Rawle*, for appellants, cited: As to liability of tenant to taxes: Wilkinson v. Libbey, 1 Allen, 375; Amory v. Melvin, 112 Mass. 83; Paul v. Chickering, 117 Mass. 265; Sargent v. Pray, 117 Mass. 267; Jackson v. Foye, Quincy, 26; Derumple v. Clark, Quincy, 38; Simonds v. Turner, 120 Mass. 328; Curtis v. Pierce, 115 Mass. 186; Blake v. Baker, 115 Mass. 188; Walker v. Whittemore, 112 Mass. 187; Carnes v. Hersey, 117 Mass. 270.

As to liability of surety: Brubaker v. Okeson, 36 Pa. 522; Bank v. Legrand, 103 Pa. 313; Case v. Fuller, 4 Kulp, 433; Hunt v. Bridgham, 2 Pick. 581; Riddle v. Thompson, 104 Pa. 330; Allen v. Hubert, 49 Pa. 259; Girard Life etc. v. Finley, 1 Phila. 70; Frechie v. Drinkhouse, 4 W. N. 298.

*Joseph M. Pile*, for appellee.—When a statement is filed in which a contract is declared upon, it has always been understood that the contract itself is proffered and put in evidence, and that everything which appears upon that paper is proper for consideration in the argument of any question involving its construction: Warnecke v. Sherman, C. P. No. 4, 22 W. N. 225.

It requires a clear case of insufficient affidavit of defence to warrant reversal: Murphy v. Cappeau, 147 Pa. 45.

OPINION BY MR. JUSTICE FELL, March 12, 1894:

The assignment of error in this case is to the refusal of the court to enter judgment for want of a sufficient affidavit of defence.

The plaintiffs leased to Albert G. Smalley a property in Boston, Massachusetts, for the term of five years, commencing June 1, 1886.   The lease contained a covenant for the payment of the rent and "also the taxes and water taxes which may be payable for or in respect of the said premises or any part thereof during the said term."   The plaintiffs paid the taxes assessed

May 1, 1886. The lessee paid for the four years following, but not for the fifth. This action is to recover of the defendant, who was surety on the lease, the taxes assessed May 1, 1891, and paid by the plaintiffs after the expiration of the term.

It is not claimed that the lessee was bound to pay more than five years' taxes. The contention on the part of the plaintiffs is that under the laws of Massachusetts the lessee was not bound to pay the taxes for the first year of his lease, they having been assessed before the commencement of his term, but was bound for the last year's taxes, assessed before its end.

In support of this contention it is averred in the statement that " the said lease was made and executed in Boston, and its covenants were to be performed there, and it was therefore subject to the laws of Massachusetts, under which a tenant who covenanted by his lease to pay the taxes levied and assessed during his term is liable for all taxes levied and assessed during such term. The said Smalley did not pay, and was not bound to pay, the taxes assessed May 1, 1886."

In answer to this averment it is stated in the affidavit of defence that " the said Albert G. Smalley, lessee, did not covenant to pay to the plaintiffs the taxes levied and assessed on the demised premises, the words which import such covenant having been scored out in the contract and intended to be eliminated. The taxes now claimed for were not payable for or in respect of the said premises or any part thereof during the said term, but were for taxes payable from the property for the year ending May 1, 1892, covering but one month of the lease."

It is not denied that the copy of the lease filed is a true copy, and the court was not informed as to what words were " scored out and intended to be eliminated," but only as to the defendant's understanding of the effect of the erasure of certain words which are not given. The assertion that the taxes were not payable for or during the term, with the qualification that they were for the year ending May 1, 1892, is not in denial of the plaintiff's statement, but is in entire harmony with it, and leaves untouched the essential averment, that under the facts stated, and the written contract, and the law, the defendant is liable.

The plaintiff's case rests upon the averment of the contract and of its meaning and effect under the laws of Massachusetts, by which it is to be interpreted. The affidavit denies neither

the contract as' set out nor the law as stated, and is therefore insufficient.

It is unnecessary to more than refer to the remaining grounds of defence. The mere giving of time to the tenant for the payment of taxes did not release the defendant from his obligation, and as this is a contract of suretyship no previous demand of the principal was necessary.

The judgment of the court is reversed, and it is now ordered that the record be remitted to the court of common pleas, with directions to enter judgment against the defendant for such sums as to right and justice may belong, unless other legal or equitable cause be shown to the court why such judgment should not be entered.