## Supplee *v.* Herrman.

*Suretyship—Surety primarily liable.*

A surety is primarily liable upon his covenant, and may be proceeded against without recourse to him for whom he has engaged to answer; and this also may duly follow, even though the principal be dead.

*Suretyship—Surety for lessee.*

A contract to be responsible to a lessor for the true and faithful performance of a lease on the part of the lessee, is a contract of suretyship.

*Suretyship—Lease for term of years—Death of lessee.*

The death of a lessee for a term of years does not ipso facto discharge from liability for after accruing rent one who has bound himself absolutely for the payment of the rent for the entire term; and neither the liability of the surety nor the right of action against him is suspended during the period between the death of the lessee, and the appointment of an administrator. In such a case the surety is not released by the bare fact that the widow of the lessee was in possession of the premises after the death of her husband and during the time when the rent claimed from the surety had accrued, without any evidence that she occupied the premises by agreement with the landlord.

*Practice, C. P.—Trial—Question reserved—Appeals.*

The facts contained in a reserved question may be found by the jury specially, or may be agreed upon by the parties, or may be stated by the

trial judge; in the latter case, if either party is dissatisfied he may object, and except to such statement, and thus preserve his right to have the correctness of the judge's finding of facts reviewed by an appellate court. But if no exception be taken to the judge's statement of facts, the parties will be presumed to have assented to them, and are concluded by them and their legal effect. Upon appeal the inquiry is as to the legal effect of the facts necessarily established by the verdict and those stated in the reserved point.

In an action against a surety on a lease for rent which had accrued after the death of the lessee, and before any personal representative of his estate had been appointed, where a point of law reserved at the trial merely states that the rent claimed fell due after the death of the lessee, and that the person in possession of the premises since the death is the widow of the lessee, the appellate court cannot draw an inference from these facts that the widow occupied the premises by agreement with the landlord.

Argued Oct. 3, 1900. Appeal, No. 8, Oct. T., 1900, by plaintiff, from judgment of C. P. No. 2, Phila. Co., June T., 1896, No. 970, on verdict for defendant non obstante veredicto in case of Isaac M. Supplee and W. E. Supplee v. Henry Herrman. Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ. Reversed.

Assumpsit on a contract of suretyship. Before Wiltbank, J.

The contract sued upon was indorsed on a lease and was as follows:

"I, Henry Herrman, doth hereby agree to be responsible to the within named lessors or their assigns, for the true and faithful performance of the within contract on the part of the within named lessee, and hereby waive the benefit of all laws made or to be made, exempting any of my property from levy and sale under execution, or any part of the proceeds arising from the sale thereof, from the payment of any judgment obtained hereon."

The lease created a term of five years from November 1, 1893, at a rental of $900. It appeared at the trial that Rue, the lessee, had died on April 23, 1895, and that the rent accruing due in his lifetime had been fully paid. It further appeared that there was no personal representative of his estate, he having died intestate and no administration having been at any time raised, and that the widow of Rue had remained in possession of the leased premises subsequently to the death of her husband and

up to the month of February, 1897. The claim in this case was for rent accruing from December, 1895, up to the end of the term.

The verdict was for the plaintiff, subject to a point reserved as follows: "Whether or not, in view of the agreed facts, to wit: that the lessee who executed the contract of letting, whereon is indorsed the agreement on which this suit is brought, is dead, that no personal representative of his estate has been appointed, that the rent in this case claimed fell due after the death of the said lessee, and that the person in possession of the premises since the said death is the widow of the said lessee, that plaintiff has shown a right in law to recover."

The court in an opinion by WILTBANK, J., entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Ira J. Williams*, with him *Simpson & Brown*, for appellants.— As the coprincipal or surety absolutely undertakes that the rent shall be paid for the whole term, no matter by whom (Lightner v. Axe, 3 Del. Co. Rep. 110), and his liability arises immediately upon the nonpayment of rent just as if he had signed as cotenant, and without prior recourse to the lessee (Brez v. Warner, 9 W. N. C. 45; Scott v. Swain, 19 W. N. C. 547; Frechie v. Drinkhouse, 4 W. N. C. 298; Allen v. Hubert, 49 Pa. 259), it follows that in the absence, as here, of any ground for equitable relief, the surety's liability is coterminous with that of the tenant and his estate.

There being privity of contract, as well as privity of estate, relief could only come by the surrender of the term and the tenant's release: Ghegan v. Young, 23 Pa. 18; Frank v. Maguire, 42 Pa. 77; Korn v. Hohl, 80 Pa. 333.

The suretyship must if possible be so construed as "to secure the payment of the rent:" Morrow v. Brady, 12 R. I. 130; Duffee v. Mansfield, 141 Pa. 507; Haynes v. Synnott, 160 Pa. 180; De Morat v. Howard, 6 Pa. Dist. Rep. 761; Damb v Hoffman, 3 E. D. Smith (N. Y.), 361; Kingsbury v. Westfall, 61 N. Y. 356; Donnerberg v. Oppenheimer, 15 Wash. 290; 46 Pac. Repr. 254.

The surety's liability extends in many instances beyond the grave, his own death not discharging his estate: DeMorat v. Howard, 6 Pa. Dist. Rep. 761; Shackamaxon Bank v. Yard, 150 Pa. 355.

The surety's covenant that the rent shall be paid "runs with the land" and continues for the entire term: Wiley's Estate, 12 Phila. 152; Allen v. Culver, 3 Denio, 284; Taylor v. Kennelly, 14 W. N. C. 124; Frank v. Maguire, 42 Pa. 77; Ghegan v. Young, 23 Pa. 18; Morrow v. Brady, 12 R. I. 130; Kingsbury v. Westfall, 61 N. Y. 356; Duffee v. Mansfield, 141 Pa. 507; Donnerberg v. Oppenheimer, 15 Wash. 290; Damb v. Hoffman, 3 E. D. Smith, 361.

The judgment is unsupported by authority or principle, and should be reversed and judgment entered for appellants: Henry v. Heilman, 114 Pa. 449; Fayette City Borough v. Huggins, 112 Pa. 1.

*Joseph A. Reid*, for appellee, submitted no paper-book.

OPINION BY RICE, P. J., January 22, 1901:

In entering judgment for the defendant non obstante verdicto the learned judge of the court below correctly stated the law, which we think is applicable to the case, as follows: " A surety is undoubtedly primarily liable on his covenant, and may be proceeded against without recourse to him for whom he has engaged to answer (Haynes v. Synnott, 160 Pa. 180; Allen v. Hubert, 49 Pa. 259; Geddis v. Hawk, 1 Watts, 280; McCarthy v. Gordon, 4 Wharton, 321); and this also may duly follow even though the principal be dead." The contract entered into by the defendant was one of suretyship, not of guaranty: Allen v. Hubert, 49 Pa. 259; Coe v. Vodges, 71 Pa. 383; Korn v. Hohl, 80 Pa. 333; Scott v. Swain, 19 W. N. C. 547; s. c. 6 Cent. Repr. 250; Frechie v. Drinkhouse, 4 W. N. C. 298. It is not and cannot be successfully claimed, that the death of a lessee for a term of years ipso facto discharges from liability for after accruing rent one who has bound himself absolutely for the payment of the rent for the entire term; and as a surety may be proceeded against without first having recourse to the principal or his estate, it would seem clear, that neither the liability of the surety nor the right of action against him, is suspended

during the period between the death of the lessee and the appointment of an administrator. It has been suggested, that if by agreement with the landlord a third person is admitted into the possession of the premises after the lessee's death and before the appointment of an administrator, and the landlord accepts part of the accruing rent from him, this is to be regarded as analogous to an eviction, which relieves the surety from liability during the occupancy of such third person. Be that as it may, the mere fact that the widow of the lessee intruded into the possession, or continued to occupy the premises, after his death, would not have that effect. In other words, the landlord would not, in such a case, be put to the alternative of ejecting her or of being visited with the consequences which follow the eviction of a tenant. This is the case presented in the reserved point. The bare fact that she was in possession of the premises after the death of her husband and during the time when the rent sued for accrued is admitted, but it is not admitted, nor has the fact been found by the jury, that she occupied the premises by agreement with the landlord. Whether or not there was evidence from which the jury could have found the fact is a question not before us. Therefore, we need not consider the legal effect upon the surety's liability which such a finding would have.

The law upon the subject of reservations of questions of law was thus stated by our Brother SMITH in an opinion in which many of the cases are cited and reviewed. " The facts contained in a reserved question may be found by the jury specially, or may be agreed upon by the parties, or may be stated by the trial judge; in the latter case, if either party is dissatisfied he may object, and except to such statement, and thus preserve his right to have the correctness of the judge's finding of facts reviewed by an appellate court. But if no exception be taken to the judge's statement of facts, the parties will be presumed to have assented to them, and are concluded by them and their legal effect:" Ginther v. Boro. of Yorkville, 3 Pa. Superior Ct. 403. Upon appeal the inquiry is as to the legal effect of the facts necessarily established by the verdict and those stated in the reserved point: Shelly v. Dampman, 1 Pa. Superior Ct. 115–122. The court draws conclusions of law from the facts, not conclusions of fact from the evidence. The verdict has

established the execution of the contract and the amount of rent that had accrued, and was unpaid at the time of bringing suit; and, after a full consideration of the question, we conclude, that the facts set forth in the reserved point are not sufficient in law to prevent the entry of judgment on the verdict.

The judgment is reversed and judgment is now directed to be entered in favor of the plaintiff on the verdict.