## Reading Trust Company, Appellant, *v.* Jackson.

*Landlord and tenant—Principal and surety—Notice to quit.*

Where the landlord serves upon the tenant the usual three months' notice to quit before the end of the year, and the parties execute a new lease, the original lease is terminated, and the surety thereon cannot be held for rent accruing under the new lease for rent under which he has not become surety.

Argued Nov. 13, 1902. Appeal, No. 122, Oct. T., 1902, by plaintiff, from judgment of C. P. Berks Co., Sept. T., 1897, No. 62, on verdict for defendant in case of Reading Trust Company, trustee of Esther J. Boas, Deceased, v. Henry H.

Jackson and Jenkin Hill. Before BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit on bond for rent. Before ERMENTROUT, P. J.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was in refusing binding instructions for plaintiff.

*Isaac Heister*, for appellant.—In this case the tenancy was not a tenancy from year to year and was not determined by the notice to quit, and the case cited has no application. The lease by its terms was to expire at a certain time, namely, April, 1893, and a notice to quit could have no effect in determining it: Bedford v. McElherron, 2 S. & R. 49; MacGregor v. Rawle, 57 Pa. 184.

If the lessees continued in the occupancy the lease would continue for a further period of one year and so on for further periods of one year each ad infinitum unless terminated by a notice to quit before the expiration of some succeeding year. In other words, the notice to quit clause was not operative in the first year: Ashhurst v. Eastern Pennsylvania Phonograph Co., 166 Pa. 357; Stiles v. Himmelwright, 16 Pa. Superior Ct. 649; McNamee v. Cresson, 3 W. N. C. 450.

The notice to quit in this case, therefore, while useful as the foundation for statutory proceedings to recover possession at the end of the term, had nothing to do with determining the tendency either under the law or under the terms of the lease, and the court below was in error in giving any effect to it in this suit: Duffee v. Mansfield, 141 Pa. 507.

A lessee who fails to vacate after a three months' notice cannot claim that any effect should be given to it, but is treated as holding over under the old agreement: Graham v. Dempsey, 169 Pa. 460; Cairns v. Llewellyn, 2 Pa. Superior Ct. 599.

*W. K. Stevens*, of *Stevens & Stevens*, for appellee, cited: Kaier v. Leahy, 15 Pa. C. C. Rep. 243; Duffee v. Mansfield, 141 Pa. 507; Nat. Gas Co. v. Philadelphia Co., 158 Pa. 317; Wood, Landlord and Tenant, sec. 48, p. 88; Doe v. Milward, 3 M. & W. 328; Tayleur v. Wildin, L. R. 3 Ex. 303; Blyth v. Dennet, 13 C. B. 178; Pleasanton's App., 75 Pa. 344.

OPINION BY BEAVER, J., January 20, 1903:

Defendants were sureties for the trustees of the Northeastern Republican League of Reading, Pennsylvania, under a lease between the plaintiff and the said league for one year, with a clause relating to future occupancy as follows : " It being hereby mutually agreed that, if the said lessee shall continue in the occupancy of the said premises after the expiration of the said term, this lease shall continue upon the same terms and conditions as are herein contained for a further period of one year, and so on from year to year until terminated by either party hereto giving to the other three months' notice for the removal previous to the expiration of the then current year."

The agreement of suretyship was as follows : " Henry H. Jackson and Jenkin Hill do hereby agree to be responsible to the within named lessors for the true and faithful performance of the said contract, covenants and agreements on the part of the within named lessee, for the full time in which we may retain possession of the said premises under the foregoing agreement, without recourse to said lessees being first required."

Notice to quit was served upon the lessees more than three months prior to the expiration of the lease.    This, by the very terms of the lease itself, was a termination of the agreement, for the faithful performance of which the defendants became sureties.    The parties to the lease seem to have acted upon this plain interpretation of the lease, for a new lease was prepared by the plaintiff and submitted to the lessees, by whom it was signed and retained.    It is not necessary, however, to go beyond the terms of the lease itself to determine what the contract between the plaintiff and the sureties was.    In one of the cases cited by the appellants, Bedford v. McElherron, 2 S. & R. 49, it is said : " Where a lease is made for a year and so from year to year, as long as both parties please, there must be notice to quit in due time before the end of the year, otherwise the law implies a new lease for a year."    This involves, of course, the converse of the proposition there stated, namely, that where there is a notice to quit not withdrawn, no new lease is implied ; or, in other words, that the lease is terminated.    In Coe v. Vogdes, 71 Pa. 383, in a lease containing a clause similar to the one under consideration, the lessee continued in possession without notice after the expiration of the year, and in that case

the Supreme Court said: " The defendants, as sureties, made themselves responsible to J. R. Vogdes for the true and faithful performance of the terms of the lease on part of Mrs. L. F. Wyman. The lease, by its own terms, provided for its continuance from year to year, until legal notice was given for a removal. It is evident, therefore, that, if a new year's tenancy took place by Mrs. Wyman holding over without a notice of removal, the sureties became responsible for the rent by the very terms of their contract." It is equally clear, however, that, if the notice had been given, the lease would have been terminated " by the very terms of the contract " and the sureties relieved. As we view the question involved, the common sense interpretation of the agreement between the parties constitutes the law of the case. The court took the view that the notice to quit, as provided for in the agreement, terminated the contract and this, by its very terms, is undoubtedly correct.

The answer to the plaintiff's point would not have helped it, for the rent for which the sureties were liable, under the terms of the agreement, as construed by us, had been confessedly paid.

Judgment affirmed.