## Platt v. Fisher, Appellant.

*Principal and surety—Landlord and tenant—Liability for rent—Holding over.*

Where a lease for the term of one year contains a provision that in default of notice of termination by either of the parties, the lease is to continue for another year and so on from year to year, and a surety

covenants that the "lessee shall and will well and faithfully perform all the covenants and conditions in the said lease," the liability of the surety will extend to rentals which accrue and are not paid long after the original term has expired.

Argued Oct. 20, 1914.   Appeal, No. 111, Oct. T., 1914, by defendant, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1913, No. 1,077, overruling demurrer to statement in case of Fanny H. Platt v. Christian S. Fisher.   Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.   Affirmed.

Assumpsit against a surety on a lease.
Demurrer to statement of claim.

WILLSON, P. J., filed the following opinion:
The plaintiff demised certain real estate premises to the Eureka Enameling Company, for the term of one year, beginning November 15, 1908.  The lease contained the usual provisions to the effect that either party might determine the lease at the end of the term by giving three months' notice of an intention so to do, but that "in default of such notice, this lease shall continue upon the same terms and conditions as are herein contained for a further period of one year, and so on from year to year, unless or until terminated by either party hereto, giving to the other three months' notice for the removal previous to the expiration of the then current term."

The defendant in this case became surety on the said lease by writing under seal attached thereto, by which in terms the defendant covenanted and agreed to and with the lessor "that the said above named lessee shall and will well and faithfully perform all the covenants and conditions in the said lease contained on the part of the lessee to be kept and performed;" and further that the said defendant agreed "to be responsible for the performance of said covenants and conditions by the said lessee without recourse to it being first required."

The lessee remained in possession after the expiration

of the year specifically provided for in lease and until March, 1913.

This action was brought to recover from the defendant as surety the amount of rent which accrued under the terms of the lease from March 15, 1913, until November 15 of the same year, as well as for other amounts which the plaintiff claims to be due to her under the terms of the lease.

It thus appears, by the terms of the contract of suretyship, that the defendant became bound to answer for the default of the lessee in the case where there was, in the first instance, a specific term of one year provided for in the lease with the distinct and express provision that the lease should be continued for the further period of one year and so on from year to year, unless it should be terminated by a three months' notice given by either the lessor or the lessee prior to the expiration of either the original year or any subsequent year provided for by the terms of the lease. We are unable to perceive why this case is not covered fully by the decision in Coe v. Vogdes, 71 Pa. 383. In that case the lease of certain real estate was for one year and it was provided therein that if the lessee should continue on the premises after the termination of the year, then the contract was "to continue in full force for another year and so on from year to year until legal notice is given for a removal." The nature of the contract of lease in that case was the same as the nature of the contract involved in the case in hand. It may also be stated that the sureties in that case agreed "to be responsible to J. R. Vogdes or his assigns for the true and faithful performance of the above named contract on the part of Mrs. L. F. Wyman," and that the sureties endeavored to relieve themselves of the responsibility by proving that on being informed by the lessor that the tenant was in arrears for rent, notice was given to the lessor that the surety would not be liable for the rent.

It was held by the Supreme Court that under such circumstances the sureties were bound to pay to the lessor the rent which was due by the lessee after her holding over in possession of the premises, without notice of removal. It was also decided that the sureties did not relieve themselves of liability by the notice that they had given to the lessor, as before stated.

The case of Coe v. Vogdes has been cited with approval in Shackamaxon Bank v. Yard, 143 Pa. 129, and in Shand v. McCloskey, 27 Pa. Superior Ct. 260. The case of Coe v. Vogdes has also been recognized as the law of the state in Pleasanton's Appeal, 75 Pa. 344, although in the latter case the court held that the peculiar circumstances involved in the case took it out of the application of Coe v. Vogdes.

We regard it as our duty in the matter now before us to adopt the view of the law as it is stated in the leading case last mentioned. To adopt any other view would, we think, be a surprise to those who have been in the habit of dealing in real estate, and would be contrary to the generally accepted thought upon the subject, and to the practice which has long prevailed in the leasing of real estate.

We do not think that the case of Brown v. Kelley, 27 Pittsburg Legal Journal, 78, which has been cited to us by the defendant's counsel, should be regarded as in any degree inconsistent with the ruling of the court in the case of Coe v. Vogdes. In Brown v. Kelley, the covenant between the lessor and lessee was to the effect that should the lessee "continue to occupy the said tenement after the expiration of the term above limited by consent of the said party of the first part, without entering into any further or other agreement, then the amount of rent, times of payment and other covenants and agreements hereinbefore mutually agreed upon, shall be continued as applicable to such further term as the said parties may continue to occupy the relation of landlord and tenant." In that case the surety, Kelley,

became "security as bailee absolute for the payment of the rent and performance of the covenants in the foregoing agreement mentioned by the said party of the second part to be kept, done and performed." The lease was for six years and the landlord Brown died before the expiration of the term expressly provided for. A special verdict was rendered in the case which covered various questions that had arisen, but the only one with which we are concerned at the present time is that which related to the liability of the surety, Kelley, for the unpaid rent which accrued after the expiration of the original term of six years. The lower court, while recognizing the case of Coe v. Vogdes, supra, as law, held that the surety was not liable in that case and the Supreme Court, in a per curiam opinion, affirmed the judgment of the lower court. As we understand the ruling in the case, it was made to turn largely upon the fact that the contract between the lessor and the lessee made the consent of the lessor an essential provision in determining the obligations of the surety. The death of the lessor prior to the expiration of the original term seems to have been regarded by the courts that passed upon that case as a conclusive circumstance which prevented the giving of the requisite consent. It was therefore held that there was no clear and definite obligation assumed by the surety under the special circumstances of the case to be responsible for the rent which accrued after the termination of the original term provided for in the lease.

We are of the opinion that the peculiar circumstances of the case of Brown v. Kelley account for the judgment which was rendered in the case, and we therefore conclude that it has no real bearing upon the case which is now before us, but that we ought to follow the rulings as they have been made in the other cases to which we have referred.

The demurrer filed in the case must therefore be overruled.

*Error assigned* was the judgment of the court.

*H. L. Barroway* and *B. D. Oliensis*, for appellant.—In the three decisions in Pennsylvania, covering a period of less than ten years, we find a reaction practically from one extreme to another. The first case is entirely adverse to the surety; in the next, the rigor is considerably relaxed, while in the third, the position taken by the defendant in the case at bar is fully sustained: Coe v. Vogdes, 71 Pa. 383; Pleasanton's App., 75 Pa. 344; Brown v. Kelley, 27 Pitts. L. J. 78.

The appellee contends that the case of Shackamaxon Bank v. Yard, 143 Pa. 129, and three Superior Court cases have practically overruled Brown v. Kelley. It is submitted, this is not so. Reference to the case of Shackamaxon Bank v. Yard will readily show that the contract of suretyship expressly provided for defendant's liability, "For and during the time of his (cashier's) employment by the said bank, whether under the present election or under any subsequent election to the said position or whether under its present organization or charter or any renewals or extension thereof." This being so, and there being thus an express and specific provision for liability in case of renewal, the decision is totally different from that in Brown v. Kelley and cannot be said to overrule the same by implication.

As regards the three Superior Court cases relied upon by appellee, reference to the same will show that the facts there differ considerably from either Brown v. Kelley or from the case at bar.

*Harry M. McCaughey*, with him *Francis E. Bucher*, for appellee.

OPINION BY RICE, P. J., February 24, 1915:

If there were no judicial precedents defining the limits of the obligation which is assumed by a surety upon entering into such a contract as the defendant entered into,

application of familiar and well-settled principles of the
law of contracts to the facts admitted by the demurrer
would inevitably lead to the conclusion that the de-
fendant was legally bound to pay the sums claimed by
the plaintiff in her statement.  This conclusion involves
no strained construction or doubtful conjecture, but
simply holds the defendant to the performance of what
he expressly agreed to do.  But the question raised by
the demurrer is not one of first impression.  The same
question was raised, and, after deliberate consideration,
was decided in the same way it was decided here, in Coe
v. Vodges, 71 Pa. 383.  That case was discussed in
Pleasanton's App., 75 Pa. 344, and, although the two
cases were distinguished on their facts, with the result
that in the latter the surety was held to be discharged,
the principle of the former was reaffirmed in this em-
phatic language: "In the present case if the surety had
done nothing to prevent a renewal he could not escape
his liability."  If Coe v. Vodges is to be followed it is
clear this judgment must be affirmed.  This is not se-
riously controverted by appellant's counsel.  What they
contend for in their critical and ingenious argument is,
that the case of Brown v. Kelly, 27 Pittsb. Leg. Jour-
nal, 78, being later in time, is the controlling precedent.
We remark, in the first place, with regard to this con-
tention, it is scarcely to be supposed the Supreme Court
intended, in a case not marked to be officially reported,
to overrule its previous decision upon a question of such
grave importance, which decision was called to its at-
tention but is not mentioned in its opinion.  The more
reasonable interpretation of the decision is, that the
court considered that the controlling facts of the case
and the terms of the lease and contract of the surety
differed so materially from the facts of the previously
decided case and the terms of the lease and contract
involved therein, as to render the principle of the case
inapplicable.  These distinctions were referred to at
length in the opinion of Judge Ewing, who presided at

the trial of the case, and are well pointed out in the opinion under review in this case. "In determining whether a conclusion of law in any adjudicated case is a precedent in a subsequent one, the value of the first, usually, is measured by its similarity or dissimilarity to the second in its controlling facts:" DEAN, J., in Yoders v. Amwell Twp., 172 Pa. 447. Bearing this principle in mind, Coe v. Vodges and Brown v. Kelly may each stand as authority for the principle applicable to its peculiar facts.

In the second place, a dozen years after Brown v. Kelly was decided the decision in Coe v. Vodges was elaborately reviewed on its facts and unequivocally treated as an authoritative precedent in Shackamaxon Bank v. Yard, 143 Pa. 129. It was recognized as such in Supplee v. Herrman, 16 Pa. Superior Ct. 45, and Reading Trust Co. v. Jackson, 22 Pa. Superior Ct. 69, and it was cited and its principle applied in Shand v. McCloskey, 27 Pa. Superior Ct. 260. It would be presumptuous indeed for this court at this time to dismiss it as an overruled case. It is an authoritative precedent precisely applicable to the facts of this case and controlling.

The judgment under review is right, both on principle and authority. It is fully sustained by the clear and convincing opinion of President Judge WILSON, and we need add nothing further to what he has said.

The judgment is affirmed.