**Globe Consumer Discount Co. v. Miller**

*Sue N. Lang*, for plaintiff.
*Melvyn S. Mantz*, for defendant.

WALSH, JR., J., November 14, 1972.—This matter is before the court on petition of defendant to open four judgments and to set aside the sheriff's sales of real property sold in execution on the judgments. Three of the suits are actions of mortgage foreclosure; the fourth is in assumpsit. As will appear, the record involves procedural irregularities as a result of defendant having proceeded initially without counsel.

In the year 1969, Mr. Gorden S. Miller, acting on behalf of Motor Hotels Enterprises of New Jersey, Inc., negotiated two loans from Globe Consumer Discount Company, the present plaintiff, in the total sum of $36,000. As collateral security for the loans to Motor Hotels, Mr. Miller's wife, Frances, the present defendant, executed some 12 or 14 mortgages on various properties to Globe, including the three involved in this proceeding. In these three, she was acting in her capacity as trustee under deeds of trust created by her husband for the benefit of their children. Payments on the loans were in default by July 1971. The present mortgage foreclosure suits were filed by Globe in January and March 1972. Default judgments for failure to answer the complaints were entered May 1, 1972, and writs of execution were issued the same day. Counsel for plaintiff, Globe, has filed an

affidavit that on June 12, 1972, she sent to defendant by certified mail notice of sheriff's sale to be held July 14, 1972. Two days before the scheduled sale, defendant filed a petition to open the judgments and to stay the sale. An attorney, who had very recently been retained by defendant and who had not prepared the petition, hastily arranged a conference with plaintiff's attorney in the chambers of the writer of this opinion for the purpose of obtaining a stay of proceedings and a rule to show cause why the judgment should not be opened. The conference took place on the morning of the scheduled sale. After hearing both attorneys informally, the request for a stay and rule was denied. No stenographic record was made, and no written order was entered. The sale took place as scheduled. The sheriff prepared and filed a schedule of proposed distribution, dated August 25, 1972, whereupon defendant wrote a letter, apparently without the aid of counsel, to the sheriff enclosing a "Notice to Sheriff to Stay Distribution." This letter is dated August 31, 1972, and bears the date stamp of the sheriff's office as received September 5, 1972. This communication was followed a week later by the filing of a petition to set aside the sheriff's sale and a proposed rule to show cause why the judgments should not be opened and the recording of the deeds stayed. The petition was filed by defendant in propria persona and stated, among other averments:

1. That she had appealed to the Pennsylvania Superior Court the refusal of the Court of Common Pleas to grant the prayer of the first petition filed on July 12, 1972.

2. That valid service of the mortgage foreclosure actions had not been made.

3. That the judgments had been fraudulently obtained.

4. That the interest rates are usurious.

With the filing of exceptions and the second petition, the proceedings have reached the anomalous state wherein petitioner is asking relief in this court after taking steps to invoke the jurisdiction of the Superior Court.

We are mindful that a court of first instance cannot further proceed with a cause after an appeal has been taken. The determinative date of the transfer of jurisdiction appears to be the date of service of the writ of certiorari: Corace v. Balint, 418 Pa. 262, 275 (1965); Commonwealth ex rel. Reddick v. Reddick, 198 Pa. Superior Ct. 111, 113 (1962). This court has no record of such a writ having been served to date. With reference to the life of the writ after issuance, two appellate court rules appear applicable. Rule 22 of the Supreme Court provides that the writ is void if not served or lodged with the prothonotary of the lower court within 10 days after issuance. The Superior Court has no rule specifically in point, but its Rule 63 states: "In all cases where these rules do not apply, the practice of this court shall be regulated by the then existing practice of the Supreme Court."

Having concluded that jurisdiction is still in this court, we granted the rule requested by petitioner and held a hearing on October 20, 1972. We did not limit its scope to defendant's exceptions under Pennsylvania Rule of Civil Procedure 3136 because the hearing judge felt that justice would best be served by providing an opportunity for all parties to make a complete record in supplementation of the summary conference held in July.

The hearing began with a preliminary statement by counsel for petitioner that his client's case consists of four points: (1) Defective service; (2) that plaintiff should have proceeded first against the borrower Motor Hotels before proceeding against the

security given by petitioner; (3) plaintiff fraudulently breached an oral promise to destroy such of the mortgages as involved interests of minors; (4) that plaintiff issued execution in violation of a novation which specified a new schedule of payments.

Service of the complaints was made by posting the properties and mailing copies of the complaints to defendant at 503 Orchard Way, St. Davids, Delaware County, Pa., after plaintiff took an affidavit pursuant to Pa. R. C. P. 1145(c) that defendant's whereabouts were unknown. Defendant contends that the affidavit is false. Mr. Miller testified that the address stated in the affidavit was correct as of the time when the mortgages were given, but that he and defendant moved to 2 Avalon Cove, Avalon, N. J., some time before the present suits were instituted and that this fact was known to plaintiff. In response to the question as to whether he notified plaintiff of his address change, Mr. Miller replied that plaintiff knew of it. This was denied by plaintiff's general counsel, Haskell Golder, Esq., of the Philadelphia bar. The hearing judge is of the opinion that defendant petitioner has not proved this contention, and we find that service is proper. To warrant the opening of a judgment on grounds of fraudulent representation, the record must show more than a conflict of evidence. The proof should be clear and convincing and must be established by the preponderance of evidence: Macy v. Oswald et ux., 198 Pa. Superior Court 435, 442 (1962).

Petitioner's second point, i.e., that plaintiff should have first proceeded against Motor Hotels, must also fail. The mortgages specifically state that the trust is surety for the repayment of the loans. A creditor has an unrestricted right to proceed against a surety in the first instance. He is not required to attempt to collect his debt from the principal, or even to make

a demand upon him for payment before suing the surety: Allen v. Hubert, 49 Pa. 259 (1865); 35 P. L. Encyc. 450.

In support of petitioner's third ground, Mr. Miller testified that Mr. Golder told him he would destroy the mortgages on properties in which petitioner's children held beneficial interests. Mr. Golder denied that this had ever been mentioned, or even considered, and he testified that before accepting these mortgages he examined the trust instrument to be sure that the trustee had the power to mortgage. The hearing judge is of the opinion that the testimony of Mr. Golder on this point is more credible than the testimony of Mr. Miller.

Petitioner's fourth point, that the parties had entered into a novation, must be resolved against petitioner. Mr. Miller testified that payments on the loans were in default in the year 1970 or 1971 and that some time in 1972 plaintiff and Mr. Miller entered into an oral agreement for an extension of time of four months in order to give Mr. Miller time to raise cash by the sale of other properties. In the interim, payments of $50 per week were to be made to plaintiff. After two payments were made, Mr. Miller received a letter stating that plaintiff "would not go along" with the new arrangement. Mr. Golder took the witness stand and testified that Mr. Miller did propose such an arrangement and that Mr. Miller was informed that only the board of directors of plaintiff had the authority to accept it. The matter was considered at the board's next meeting, and notice of its rejection of the proposal was promptly mailed to Mr. Miller. The hearing judge believes plaintiff's evidence on this point.

Defendant's attack on the assumpsit judgment takes a different course. This is a suit by a title insurance company claiming that defendant took a gran-

tor's affidavit stating falsely that no mortgages were listed against the premises except those shown on the title report. Judgment for want of an answer or appearance was entered April 21, 1972, and defendant's petition to open the judgment was filed July 12, 1972. At the hearing, petitioner's counsel stated that proper service is acknowledged. Petitioner's defense on the merits appears to be that the mortgage in question was one of those which Globe had stated would be destroyed. As stated earlier in this opinion, the hearing judge does not find that testimony to be credible.

Mr. Miller impressed the hearing judge as an intelligent man of varied business experience and business interests. The outward appearance of artlessness in his handling of this litigation is unconvincing.

### ORDER

And now, November 14, 1972, it is ordered that defendant's petitions to open the judgments and to set aside the sheriff's sales are denied. Defendant's exceptions to the proposed distribution of the proceeds of sale are dismissed.