WADE v. MADISON.    (No. 8191.)

(Court of Civil Appeals of Texas. Dallas. Nov. 2, 1918.)

1. LANDLORD AND TENANT ⬅75(2)—LEASE— SUBLETTING — PERMISSION TO PASTURE STOCK.

The act of a tenant in permitting a third person to pasture stock on the leased premises together with tenant's stock, there being no surrender or abandonment, either actual or constructive, of the premises by the tenant to the third person. was not a subletting, forfeiting the lease under the statute.

2. LANDLORD AND TENANT ⬅275—LEASE— BREACH OF COVENANT — RIGHT OF RE-ENTRY.

Ordinarily breaches of express covenants, much less those that arise only by implication, do not forfeit the right of possession or confer the right of re-entry, in the absence of an express provision to that effect in the contract.

**3. Appeal and Error ☜1010(1)—Evidence to Support Finding.**

Unless the evidence upon which a finding is based is entirely without probative force, the appellate court is not at liberty to disturb the finding.

Appeal from Rockwall County Court; J. W. Reese, Judge.

Suit by W. B. Wade against J. L. Madison. From a judgment granting plaintiff a part of the relief prayed for, plaintiff appeals. Affirmed.

H. M. Wade, of Rockwall, for appellant. T. B. Ridgell, of Rockwall, for appellee.

RASBURY, J. This proceeding was instituted in the court below by appellant, among other things, to terminate the rental agreement between appellant and appellee, and to perpetually enjoin the latter from grazing his stock and that of one Counts upon certain lands of the former. Upon ex parte hearing, temporary injunction was granted. Upon subsequent hearing in chambers, upon motion of appellee, the temporary injunction was modified, so as to permit appellee to graze his stock upon the lands described, and perpetuated so far as related to the live stock of others. From such judgment this appeal is prosecuted.

[1, 2] The substance of the first assignment of error is that the act of appellee in permitting Counts to graze his stock upon the lands of appellant constituted in law a subletting of the premises, and hence under the statute a forfeiture of the lease, and for which reason alone the injunction should have been perpetuated. For the purpose of the issue so presented it may be said that the evidence discloses that appellee was a tenant of appellant under oral agreement, and, if he had the right to graze his live stock upon appellant's lands, it is without dispute that he did permit Counts to graze his stock thereon, and that he did not have that option under the rental agreement. Our statute does prohibit tenants from subletting leased premises without the consent of the lessor. The question then arises: Does the act of appellee in permitting Counts to graze his stock on the lands constitute in law a subletting of the premises? We conclude it does not. There was no surrender or abandonment, actual or constructive, by appellee to Counts of the rented premises. At most there was a permission to Counts to turn his stock thereon at will of appellee, without any purpose or intention to surrender the premises as a whole to his control and management. The evidence at most discloses a breach of an implied covenant to use the pasture lands solely for appellee's stock. It seems settled, however, that ordinarily breaches of express covenants, much less those that arise only by implication, do not forfeit the right of possession or confer the right of re-entry, in the

absence of an express provision to that effect in the contract. Johnson v. Gurley, 52 Tex. 222; Ewing v. Miles, 12 Tex. Civ. App. 27, 33 S. W. 235. The rental contract in the present case was oral, and the evidence does not disclose that the breach complained of should work a forfeiture thereof.

[3] The next assignment of error asserts that the finding of the court that appellee had the right to graze his live stock upon what is designated in the record as the "stalk field" is without support in the evidence. In connection with the issue so raised, it may be said that so far as the present appeal is concerned it is not denied that appellee had the right to use the other two pasture tracts. Concerning the use of the "stalk field," appellant testified in substance that the right to use it was not included in the original agreement, but that when it was agreed, in the summer of 1917, that appellee would continue on the place as tenant during 1918, a change was made in the contract by which appellee was to plant the "stalk field" tract in corn, and that, if the corn was gathered early, they (meaning appellant and appellee) could use said tract for early pasturage. Appellee's wife testified that she heard appellant make the suggestion to appellee concerning the use of the "stalk field"; and appellee testified that he used that tract as pasturage, because "that was our contract." The court concluded, upon the evidence just stated, that appellee did have the right to pasture his stock in the "stalk field," and we think the evidence supports his finding. It was the court's duty and privilege to pass on that question, and unless the evidence upon which it is based is entirely without probative force we are not at liberty to disturb it.

Finding no reversible error in the record, the judgment is affirmed.