26355, 26356. PRITCHETT v. KING, and *vice versa.*

DECIDED DECEMBER 4, 1937.

*Walter A. Sims,* for plaintiff.

*J. Wilson Parker, Ellis McClelland,* for defendant.

MACINTYRE, J.   Dr. W. L. Pritchett had issued a dispossessory warrant against John M. King for the possession of certain premises located at 29-1/2 Marietta Street in the City of Atlanta, Fulton County, Georgia.   It appears that on April 19, 1935, the above parties entered into a lease contract wherein Pritchett leased to King the premises in dispute for the term of twenty months, commencing on May 1, 1935, and ending on December 31, 1936. The contract provided in part as follows:  "Said party of the second part, at the expiration of the present lease, shall have the option of renewal thereof, for a period of not less than one year or for such time as the lessor renews said lease for himself, at a rental not to exceed fifty-five dollars per month, and upon the same terms as herein set out."   It also provided:  "The premises shall be used for the practice of medicine and its allied purpose, by either the agents, partners, or employees of lessee; and in no event shall said premises be used for any illegal purpose."   On October 13, 1936, King addressed a letter to Pritchett, which read in part as follows:  "You having renewed your lease on the whole of said floor for the period of three years beginning January 1, 1937, and ending December 31, 1939; therefore this is to notify you in writing that I do hereby exercise my option as provided in our lease to renew my lease with you for a period of three years, beginning at the expiration of the present lease from January 1, 1937, through December 31, 1939, at the rate prescribed by said contract, to wit, $55 per month, said renewal being upon the same terms as set out in our original lease."   Thereafter, on November 3, 1936, Pritchett, by and through his attorney at law, wrote to King as follows:  "By direction of Dr. W. L. Pritchett, I am notifying you that your lease on the premises occupied by you at the above address will not be renewed."   The plaintiff bases his right to refuse a renewal of the lease upon the fact that in the latter part

of 1935 King pleaded guilty to an accusation charging him with practicing medicine without a license, and therefore that he was using the building for an illegal purpose, which authorized him to forfeit the lease, which he did as soon as he learned of such illegal use. After the introduction of evidence, the judge directed a verdict for the defendant "on the ground that the plaintiff, after the notice and the alleged breach of the covenants in the lease complained of, accepted rent on the premises; and the court is of the opinion that by so doing the plaintiff waived his right to deny the defendant the option to renew under the lease, and is now estopped to deny the defendant's right to renew, it being undisputed that the defendant has exercised the option in the lease to renew upon its terms as therein stated."

The action of the judge in so directing was manifestly correct for reasons other than that stated in his order; and we do not deem it necessary, under the view we take of the case, to determine the correctness of the reason assigned by the trial judge. However, see, in this connection, *Guptill* v. *Macon Stone Supply Co.*, 140 *Ga.* 696 (79 S. E. 854, Ann. Cas. 1915A, 1249); *Allen* v. *Allen*, 154 *Ga.* 581, 590 (115 S. E. 17). It is true that where there is a breach of a covenant which authorizes the forfeiture of the lease, the prompt assertion thereof by the lessor will operate to defeat the lessee's privilege to renew; however, forfeitures by acts of a party to a lease because of a breach of a covenant or condition are not favored by the courts. Code, § 37-216; *Mahoney* v. *McKenzie*, 27 *Ga. App.* 244, 248 (107 S. E. 598); 35 C. J. 1062, § 232. It is thus the "general rule that the breach by a lessee of the covenants or stipulations on his part contained in the lease does not work a forfeiture of the term in the absence of an express proviso to that effect in the lease, the lessor's remedy being by way of a claim for damages." 16 R. C. L. 1115, § 633; Edwards *v.* Collins, 198 Mo. App. 569 (190 S. W. 580); Wade *v.* Madison (Tex. Civ. App.), 206 S. W. 118; Continental Fuel Co. *v.* Haden, 182 Ky. 8 (206 S. W. 8); Judkins *v.* Charette, 255 Mass. 76 (151 N. E. 81); Buckner *v.* Warren, 41 Ark. 532. Where such a contract does not provide in express terms for a forfeiture upon a breach of the covenant, the presumption is that the lessor will be content with such right as is conferred by the ordinary remedies. Easley Coal Co. *v.* Brush Creek Coal Co., 91 W. Va. 291 (112 S.

E. 512). The lease in the present case does not provide in express terms that upon a breach of the covenant not to use the building for an illegal purpose the lessor will be entitled to forfeit the lease and re-enter and take possession; and therefore, under the above authorities, a breach of such covenant would not authorize a forfeiture thereof, but the plaintiff is restricted in law to an action for damages resulting from such breach. "Covenants to renew, incorporated in a lease, are . . valid and enforceable and are supported by the consideration of the lease, and such covenants are not required to be in any technical form." 16 R. C. L. 883, § 388. It is contended by counsel for the plaintiff that the provisions in the contract giving the lessee the option to renew the lease contemplated the execution of a new lease; and that since the plaintiff had refused to execute a new lease he is entitled to dispossess the defendant, and that the defendant is relegated to an action for damages for a breach of the covenant to renew. It is true that "a distinction is made between a covenant in a lease for a renewal and a provision therein for the extension of the term at the option of the lessee, the courts treating the latter upon the exercise of the privilege, as a present demise for the full term to which it may be extended and not as a demise for the shorter period with a privilege for a new lease for the extended term." 16 R. C. L. 885, § 389. Some of the decisions which recognize this distinction hold that where the covenant is one to renew, a new lease should be executed. However, it will be found that most of these decisions deal with the effect of holding over after the original term, where no notice is given, and that under this principle it is generally considered that where the lessee does give actual notice of his intention to renew the lease in accordance with the provisions of the contract, before the lapse of the original term, that this in law amounts to the execution of a new lease. See *Hamby* v. *Georgia Iron Co.*, 127 *Ga.* 792, 802 (56 S. E. 1033). Certainly this is true in so far as the right of the lessor to dispossess the lessee is concerned. Counsel has cited us to no decision which goes so far. In the present case the renewal clause of the lease provided that the lessee would have the option to renew the lease for one year, or for so long as the lessor renewed his lease on the premises, at a stipulated rental, and on the same terms as set out in the lease contract. This was sufficient to make a definite con-

tract; the renewal was not subject to any conditions except the election of the lessee to exercise the option; and it not being disputed that the lessee gave proper and timely notice of his intention to renew the lease, we hold that this notice operated to extend the lease, at least so far as to defeat the present action to dispossess him. "The view has been taken that a lease for a specified term with the privilege of a renewal on the same terms is equivalent, where such privilege is exercised, to a demise for the full period of the two terms, without any necessity for the execution of a new lease." 16 R. C. L. 889, § 392; Ferguson v. Jackson, 180 Mass. 557 (62 N. E. 965); Orr v. Doubleday, 223 N. Y. 334 (119 N. E. 552); Flynn v. Bachner, 168 Mich. 424 (134 N. W. 451, Ann. Cas. 1913C, 641). Compare *Walker* v. *Wadley*, 124 *Ga.* 275 (52 S. E. 904); *Lanham* v. *McWilliams*, 6 *Ga. App.* 85 (64 S. E. 294); *Parker* v. *Gorlalowsky*, 127 *Ga.* 560 (4) (56 S. E. 846). The plaintiff was not entitled to dispossess the defendant for any reason urged, and the court did not err in directing the verdict for the defendant.

*Judgment affirmed on main bill of exceptions. Cross-bill dismissed. Broyles, C. J., and Guerry, J., concur.*