CITIZENS OIL COMPANY INC. *v.* HEAD *et al.*

JENKINS, Presiding Justice.  1.  "Contracts creating the relation of landlord and tenant for any time not exceeding one year may be by parol, and if made for a greater time shall have the effect of a tenancy at will."  Code, § 61-102.

2. A stipulation in a written lease contract may provide either for a *renewal* of the lease or for an *extension* of the original lease. In the former case, in order to put the option into effect, it is necessary that the one claiming the option shall act in the manner provided by the option to obtain a new contract; whereas, if a new contract is not con-

templated by the option, but a mere right to extend the old agreement is provided for, and no preliminary notice or an intention to extend the lease is required, a mere continuance of possession by the lessee after the expiration of the original term will be taken as effecting the extension of the original lease as provided for by the option. *Hamby & Toomer* v. *Georgia Iron & Coal Co.*, 127 *Ga.* 792 (56 S. E. 1033).

3. Where the option contemplates, not a mere extension of the old lease contract, but the right to renew the old contract by a new lease for an additional five-year period, should the parties, within the time provided by the original contract, orally agree to extend the agreement for such additional five-year period, and thereafter continue to act under the terms of the original contract, this would not operate to extend the contract for such an additional five-year period, but the lessee would occupy the status of a tenant at will. *Candler* v. *Smyth*, 168 *Ga.* 276, 282 (147 S. E. 552).

4. In a suit by a lessee against the lessor, seeking an injunction against the possible destruction by the lessor of certain improvements on the rented premises, and seeking to establish the rights of the plaintiff as lessee for an additional period of five years after the termination of the original lease, it appears that the original lease operated from October 12, 1939, to October 12, 1945, and contained this provision: "The lessor hereby covenants and agrees to extend to the lessee for a period of five years, for a further consideration of $25, which consideration is hereby acknowledged, the privilege of *renewing this lease* upon the same terms and considerations above set forth and at a rate of $25 per month payable on the 12th day of each month in advance. Should lessee desire to exercise the privilege, he shall, thirty days prior to the expiration of this lease, give notice in writing to lessors of his intention to exercise the renewal." *Held:* The provision just quoted must be construed as extending to the lessee the option of *renewing* the lease for an additional five years, provided he should give to the lessor notice in writing of his intention so to do thirty days prior to the expiration of the lease.

5. The required notice not having been given, the fact that, two days prior to the expiration of the term of the lease, the parties orally agreed to extend the lease for an additional five-year period, except that the lessor was to retain a certain portion of the land for his own benefit, and that the lessee remained in possession of the thus-diminished premises and paid rent thereon for a period of five months after the expiration of the term of the original lease, was ineffective as an *extension* of the old lease, since the written contract did not provide for a mere extension but provided for a renewal; and furthermore the new terms of the oral agreement were different from the terms of the original contract, and therefore could not for that reason be counted as a mere extension; nor could the oral agreement for a new contract under new and different terms be treated as a valid *renewal* of the old contract, since, treated as a new contract, it was invalid as not being in writing, and under the terms of the Code, § 61-102 (supra), must, upon part performance, be treated as creating a tenancy at will.

(a) No facts are shown such as would take the case without the operation of the statute requiring rent contracts for more than one year to be in

writing. In *Baxley Hardware Co.* v. *Morris,* 165 *Ga.* 359 (140 S. E. 869), cited by the plaintiff in error, there had been such part performance of the contract as would have rendered it a fraud on the part of the landlord to refuse to comply with the oral lease, since the lessee offered to show that, on the faith of such oral contract, he had been permitted to expend large sums for valuable improvements. In the instant case, while it was shown that the lessor under the new oral lease retained for himself a portion of the premises previously rented, this amounted to nothing more than a compliance with the terms of the new oral agreement as made, and can not be taken as estopping the lessor from setting up that such oral lease was itself ineffectual as a lease for five years.

(b) The rental contracts in *Slater* v. *Kimbro,* 91 *Ga.* 217 (18 S. E. 296, 44 Am. St. R. 19), and *Sterchi Bros. Stores* v. *Mitchell,* 49 *Ga. App.* 826 (176 S. E. 537), also cited by the plaintiff in error, were both treated by the appellate courts—as shown by the opinions—under the ambiguous language of the contracts, as creating an option to extend the original contract, and as already indicated, this can not be done here, both because the option does not by any of its language provide for an extension but .provides for a renewal, and also because the old contract was never extended, but a new and different oral, but invalid, lease was made for five years, which under the Code must, upon part performance, be treated as a tenancy at will.

*Judgment affirmed. All the Justices concur.*

No. 15624. NOVEMBER 14, 1946.

*Heath & Heath* and *T. J. Townsend,* for plaintiff in error.
*Jerome Crawley, Andrew J. Tuten,* and *Harry M. Wilson,* contra.