37716.   SAVE-WAY OIL COMPANY *v.* THOMAS, Administratrix.

DECIDED SEPTEMBER 15, 1959.

*Russell & Russell, Richard B. Russell, III,* for plaintiff in error.
*Marvin D. Pierce, Jr., Robert J. Reed,* contra.

GARDNER, Presiding Judge. The lease agreement between Simmons and the defendant, Save-Way Oil Company, was a valid lease contract, and according to the stipulation of facts the property included in this lease agreement was acquired by G. W. Thomas, Jr., by purchase. The rent was paid and all other terms and agreements therein appear to have been complied with by the corporate lessee. It was provided in the written lease that the lessee should have two 5-year renewals and that if it desired to exercise such option, notice in writing should be given to the

lessor. The record shows that none of the terms, conditions and covenants of said lease agreement had been violated, yet the trial court held that the option agreement was ineffective, sustained the dispossessory proceedings, rendered judgment against the lessee for all rents and costs and issued a writ of possession. How and wherein this option agreement, based upon a valid consideration, was not binding, upon the compliance by the lessee with the terms and covenants of the lease agreement and lessor's timely notice in writing that it desired to renew such lease for another 5 years, by writing such notice to the administratrix of Thomas who acquired said lease, does not appear. The option provision in said lease agreement is clear, distinct and definite and the lessee complied therewith. Such provision in said lease was binding on the original lessor and on Thomas who purchased the property and said lease agreement. See *Pritchett* v. *King*, 56 *Ga. App.* 788 (3) (194 S. E. 44), holding that where a "lease contract provides that at the expiration thereof, the lessee 'shall have the option of renewal thereof, for a period of not less than one year or for such time as the lessor renews said lease for himself', at a stipulated rental and upon the same terms as contained in the lease, and before the expiration of the lease, the lessee gives notice in writing to the lessor of his intention to renew the lease, this so operates to extend the term as provided in the lease as to defeat an action by the lessor to dispossess the lessee, although no new lease was actually executed." Furthermore, see page 791 of the *Pritchett* case wherein this court ruled that "Covenants to renew, incorporated in a lease are . . . valid and enforceable and are supported by the consideration of the lease, and such covenants are not required to be in any technical form." The stipulation in the lease agreement giving to the lessee the option to re-lease is not a separate agreement but a part of the original lease agreement, none of the terms, conditions and covenants of which had been breached by the lessee. See *Crawford* v. *Smith*, 151 *Ga.* 18, 19 (105 S. E. 477). The defendant lessee was not subject to be expelled from the leased premises, as a tenant holding over. *Slater* v. *Kimbro*, 91 *Ga.* 217 (18 S. E. 296, 44 Am. St. Rep. 19).

It follows that the trial court erred in rendering judgment against the lessee in this case.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*