38795.   HICKS v. GENTRY *et al.*

DECIDED JUNE 1, 1961—REHEARING DENIED JUNE 20, 1961.

4

*Hicks & Henderson, Claud M. Hicks, G. Robert Howard,* for plaintiff in error.

*Reed, Ingram & Flournoy, Raymond M. Reed,* contra.

FELTON, Chief Judge. The trial court's judgment was right for four reasons:

1. The question involved here has been ruled on in *Save-Way Oil Co. v. Thomas,* 100 Ga. App. 181 (110 SE2d 681). The rationale of that case and this is that the original lease provides for the exercise of options to renew for two five-year terms. The question is not whether the word "renew" or the word "extend" is used but whether the parties intended a present devise or that a new lease be executed at the end of each five-year term. In the case above cited and in this one the original lease provided for an option as to each of the two renewal periods of five years. If a new lease had been contemplated the provision for the second option would not have been put in the original lease as to the option for the second renewal term because such an agreement in the original lease would not have been necessary. Indeed, the first lease with all of its provisions would have been superseded by a new lease and the new lease would have had to include an option for the second renewal period.

2. Even if a new lease had been in the contemplation of the parties, and if after due notice the landlord was obligated to execute a new lease and refused, the tenant would have an equitable right to a new lease and would not have to resort to a petition for specific performance for the reason that the tenant's right to specific performance can be asserted as a defense to a dispossessory proceeding. *Pritchett v. King,* 56 Ga. App. 788 (194 SE 44).

3. The landlord honored the first notice under the original lease provision and did not require a new lease, and this conduct is an estoppel against the landlord to assert his right to

6

a new lease for the second renewal term as pleaded by the tenant.

4. The most cogent reason why a new lease was not necessary under the facts of this case is one which has evidently been overlooked through the years. Our interpretation of the Supreme Court's ruling in *Slater v. Kimbro*, 91 Ga. 217 (18 SE 296, 44 ASR 19), speaking through Judge Bleckley, is that with or without a notice from the tenant exercising an option of extension or renewal, and even if a renewal contract is contemplated, the landlord cannot deny the tenant the renewal term unless the landlord tenders a renewal contract to the tenant and the tenant refuses to execute it. This ruling seems to take precedence over the ruling in *Walker v. Brooks Simmons Co.*, 44 Ga. App. 470, 471 (161 SE 659) and any others to the contrary. The *Walker* case differs from this case, let it be noted, in that, in that case there was no notice and it was simply held that in the absence of notice to exercise a renewal option the mere holding over and paying rent did not effect a contract for a renewal term.

*Judgment in favor of the tenant affirmed. Bell and Hall, JJ., concur.*