### 46936. LeCRAW et al. v. ATLANTA ARTS ALLIANCE, INC. et al.
### 46937, 46938. BARNETTE v. ATLANTA ARTS ALLIANCE, INC. et al.; and vice versa.

PANNELL, Judge. Atlanta Arts Alliance, Inc., the owner (and landlord by assignment) of certain property in the City of Atlanta brought an action against Thomas J. Barnette, Julian LeCraw and David M. Lacy seeking recovery under a "guaranty" of the unpaid rental, taxes, etc., owed by the tenant under the lease, Massey Realty Company, Inc. The "guaranty" was executed by the defendants and Massey Junior College, Inc., the latter, at the time, being the parent corporation and sole owner of Massey Realty Company, Inc., the tenant. All of the sums sued for became due and payable under and during an alleged renewal term of the lease.

Paragraph 3 of the lease reads as follows: "the term of this lease shall commence on the 5th day of April, 1967, and shall continue to and including the 4th day of April, 1970, unless this lease shall be sooner terminated as herein provided." Paragraph 4 of the lease reads as follows: "Tenant shall have the option to renew this lease for an additional two years from the end of the term set out in Paragraph 3 hereof, by giving written notice to landlord of its election to renew, no later than six (6) months prior to the end of the term set out in Paragraph 3 hereof."

Paragraph 8 of the lease reads in part as follows: "(a) Special assessments on account of any street or other public improvement resulting in benefits to the premises having a useful life *beyond the remaining term of this lease (including the renewal terms set forth in Paragraph 4 hereof)* shall be fairly allocated between the landlord and tenant depending upon the unexpired term of the lease." (Emphasis supplied.) (R-59).

Paragraph 30 of the lease reads: "If tenant remains in pos-

session after the expiration of the term of this lease without any written agreement of the parties, tenant shall be a tenant at sufferance and there shall be no renewal of this lease by operation of law."

The guaranty reads as follows: "In consideration of the letting of the premises within mentioned to the within named tenant and the sum of one dollar to the undersigned paid by the landlord, receipt of which is hereby acknowledged, the undersigned hereby covenant and agree to and with the landlord, and the said landlord's legal representatives, successors and assigns, that if default shall at any time be made by the said tenant in the *payment of the rent or the performance of the covenants contained in the within lease on the tenant's part to be paid or performed;* the undersigned will well and truly pay the said rent or any arrears thereof that may remain due unto the said landlord, and also all damages that may arise in consequence of the non-performance of said covenants, or any of them, provided however the undersigned shall be notified in writing of any default of the tenant and shall have the privilege of curing such default within the same number of days allowed the tenant after notice given to or received by the tenant. This agreement may not be modified, discharged or terminated orally or in any other manner than by an agreement in writing signed by both parties hereto or their respective successors and assigns." (Emphasis supplied.)

The plaintiff filed a motion for summary judgment and each of the defendants filed separate motions for summary judgment. The trial judge granted plaintiff's motion for summary judgment and overruled the motion for summary judgment of each of the defendants, entering. judgment against the defendants for the amount of $18,194.24 plus interest, and on motion of the defendants subsequently ordered the amount of the judgment reduced by $1,685.78. Defendants LeCraw and Lacy (Case No. 46936) duly appealed to this court from the order granting summary judgment in favor of the plaintiff and

the part of the order denying their motions. Defendant Barnette (Case No. 46937) entered a similar appeal. Plaintiff entered a cross appeal (Case No. 46938) complaining of certain credits allowed by the court on the judgment entered against the defendants. *Held:*

1. The privilege of renewal of "this lease" was an integral part of the contract, the performance of which was guaranteed by the defendants and there being other provisions of the contract indicating a liability for defaults of the tenant, in some respects, during a renewal period after the expiration of the original term, we are of the opinion that the contract of guaranty, strictly construed, covers a renewal of the lease contract if the renewal be had according to its terms. While we have found no Georgia authority expressly so ruling in such a situation and none has been cited to us, we believe such a construction represents a sounder view than a construction to the contrary. See in this connection: Webb v. Bailey, 17 Ky. L. Rep. 1117 (33 SW 935) (1896); Klein v. Auto Parcel Delivery Co., 192 Ky. 583 (234 SW 213) (1921); Spring v. Leahy, 254 Mass. 614 (150 NE 843, 43 ALR 1203) (1926); Heffron v. Treber, 21 S. D. 94 (110 NW 781) (1907); Shand v. McCloskey, 27 Pa. Super. 260 (1905); Deblois v. Earle, 7 R. I. 26 (1861); Dufau v. Wright, 25 Wend. 636 (New York 1841); Kagan v. Gillett, 269 Ill. App. 311 (1933); Salisbury v. Hale, 12 Pick. 416 (Mass. 1832); Decker v. Gaylord, 8 Hun. 110 (New York 1876); Platt v. Fisher, 59 Pa. Super. 114 (1915); Coe v. Vogdes, 71 Pa. 383 (1872); Houlihan v. S. Bolton's Sons, 109 Misc. 325 (179 NYS 670) (1919); Zero Food Storage, Inc. v. Udell, 163 S. 2d 303 (Florida 1964).

(a) If there was a renewal of the contract in the present case it was not renewed by the giving of a written notice 60 days prior to the expiration of the original term. "The contract of suretyship is one of strict law, and the surety's liability will not be extended by implication or interpretation." *Code* § 103-103. Whether the contract be one of guaranty or suretyship, the rule of stricti juris is ap-

plicable to both. *Poole v. Corker,* 15 Ga. App. 622 (3) (83 SE 1101). "The undertaking of a surety being stricti juris, he cannot, in law or equity, be bound further than the very terms of his contract; and if the principal and obligee change the terms of it without his consent, the surety is discharged." *Bethune v. Dozier,* 10 Ga. 235. This case involved a contract of lease or rental in which Dozier leased certain mills and the privilege of using 800 acres of pine land for the purpose of supplying said mills with stocks, etc. Bethune and others guaranteed, or became surety for the payment of the rent. Only 680 acres of land, rather than 800 was delivered and accepted. In an action seeking to recover under the guaranty or contract of suretyship the landlord was denied recovery on the ground that the contract had been changed without the consent of the surety and the surety was thereby discharged and that a waiver of fulfillment of the requirements of contract of rental would discharge the surety. The court also held that this was true whether or not the risk of the surety was increased. See *Code* § 103-202; *Taylor v. Johnson,* 17 Ga. 522; *Peara v. Atlanta Newspapers, Inc.,* 120 Ga. App. 163 (169 SE2d 670). It appears, therefore, that the attempt to renew the contract of rental without complying with its terms would, under these decisions, discharge the surety, done without his consent, unless the provision in the last sentence in the contract of "guaranty" is sufficient to prevent such discharge. Assuming, without deciding, that such language would prevent a *discharge* of the sureties or guarantor, this would still not make the guarantors liable for default by the tenant under a renewal agreement not arrived at in strict accordance with the terms of the contract of lease. As was said in *Bethune v. Dozier,* 10 Ga. 235, 238, supra, "No principle of law is better settled at this day, than that the undertaking of the surety, being one stricti juris, he cannot, either at law or in equity, be bound farther or *otherwise,* than he is by the very terms of his contract; . . ." We, accordingly, hold

that the sureties or guarantors, while they can be held as guarantors of an additional two-year term, they cannot, without their consent, be held to an additional term *otherwise* than one secured strictly according to the terms of the contract of rental; that is, by a written notice 60 days prior to the expiration of the original 3-year term. No such notice was given. There is no dispute that neither Lacy nor LeCraw consented to the claimed renewal here. While the evidence authorized a finding that LeCraw "discussed renewal" with Barnette, there is no evidence he consented thereto, in a manner not authorized by the contract. On the contrary he denied even discussing the matter. Accordingly, the trial court erred in granting summary judgment in favor of the plaintiff against LeCraw and Lacy, and erred in not sustaining the motion for summary judgment in their favor.

The judgment in case No. 46936 is reversed.

2. The next question is whether there was a material issue of fact regarding a renewal of the lease by the acts of the tenant and waiver by the plaintiff-landlord of the provisions of the lease as to renewal, and consent thereto by Barnette. The evidence shows that the plaintiff had inquired of the tenant, Massey Realty Company, Inc., whether it intended to renew the lease, but no definite decision was made until a letter was written to the plaintiff-landlord on the letterhead of Massey Junior College, Inc., and signed by Barnette as president thereof, which was sent to the plaintiff on March 23, 1970, a few weeks before the end of the original term of the lease, notifying the plaintiff of its intention to renew the lease. Barnette testified that it was his intent to notify the plaintiff in behalf of Massey Realty Company, the tenant, of which he was also president, but that the stenographer who prepared the letter made a mistake and he did not notice it. There is no evidence that this situation was communicated to the plaintiff-landlord. There is no evidence that the plaintiff-landlord made any objections to the notice, which it received, or communicated to anyone or commented to anyone thereon. Barnette testified that the

Massey Realty Company continued to rent the premises to Massey Junior College as a dormitory for its students, as had been done in the past, and answered "yes" to the question as to whether he continued to pay the rent. The rent was accepted by the plaintiff-landlord. The plaintiff-landlord later, after default, made demand on the defendant guarantors and filed claims in bankruptcy against the bankrupt tenant, Massey Realty Company, and the bankrupt guarantor, Massey Junior College, Inc.

While a lease for a specified period of time "with the privilege of" additional time is extended for the additional period by retaining possession and paying the rent (*Slater v. Kimbro,* 91 Ga. 217 (18 SE 296, 44 ASR 19); *Hamby & Toomer v. Ga. Iron Co.,* 127 Ga. 792 (56 SE 1003); *Cavanaugh v. Clinch,* 88 Ga. 610 (15 SE 673); *Walker v. Wadley,* 124 Ga. 275 (52 SE 904)) yet where the contract terms provide that the lease is renewable upon the exercise of an option granted in the manner prescribed, as in the present case, so as to indicate no present demise of the extra term, a new contract is generally required (*Walker v. Brooks Simmons Co.,* 44 Ga. App. 470, 472 (161 SE 659); *Hooks v. Lease,* 68 Ga. App. 850, 851 (24 SE2d 601); *King v. Pate,* 99 Ga. App. 500 (109 SE2d 282)) and in such a case usually there must be more than a mere naked holding over by the tenant. *Lanham v. McWilliams,* 6 Ga. App. 85, 86 (64 SE 294). See also *Citizens Oil Co. v. Head,* 201 Ga. 542 (2) (40 SE2d 559); *Pause v. City of Atlanta,* 98 Ga. 92 (6) (26 SE 489, 58 ASR 290); *Pritchett v. King,* 56 Ga. App. 788, 791 (194 SE 44); *Chalkley v. Ward,* 119 Ga. App. 227 (1) (166 SE2d 748); and *Hicks v. Gentry,* 104 Ga. App. 3 (120 SE2d 915) which apparently decided that a second renewal occurred without a new lease because of waiver by the landlord on the first of two renewals brought the case within the ambit of *Slater v. Kimbro,* 91 Ga. 217, supra.

In our opinion, the evidence submitted shows more than a mere retention of the premises by the tenant and acceptance of the same rent by the landlord, but the evidence does not demand a finding of renewal by waiver on the

part of the landlord, nor does it demand a finding that there was no renewal by waiver of the provisions of the lease requiring notice 60 days prior to the expiration of the lease. See in this connection the cases cited above in this division of the opinion, and in addition thereto the following: *Hamby & Toomer v. Ga. Iron Co.,* 127 Ga. 792, supra; *Carparking, Inc. v. Chappell's Inc.,* 96 Ga. App. 862 (101 SE2d 894); *Saunders v. Sasser,* 86 Ga. App. 499 (71 SE2d 709); *Colonial Stages South v. Joel,* 50 Ga. App. 209 (177 SE 525); *Storey v. Austin,* 221 Ga. 692 (146 SE2d 728); *Citizens Oil Co. v. Head,* 201 Ga. 542, supra; *Smith v. Huckabee Properties,* 111 Ga. App. 451 (142 SE2d 320). We accordingly hold that the trial court erred in granting the motion for summary judgment against the defendant Barnette but did not err in refusing to grant summary judgment in favor of Barnette on his motion therefor. Case No. 46937 is therefore affirmed in part and reversed in part.

3. After the rendition of the judgment of November 5, 1971, granting plaintiff's motion for summary judgment against the defendants, in the amount of $18,194.24, the defendants filed a motion to modify the judgment as to amount in proportion to the total funds plaintiff was to receive ultimately from Chapter XI Bankruptcy Proceedings of Massey Realty Company and Massey Junior College, based upon a 25% settlement therein of 5% in cash and 20% to be paid annually for a period of 5 years. The settlement was for claims in the Bankruptcy Court, which included not only the rent, etc., sued for in the present action, but also damages for the termination of the lease by the order of the Bankruptcy Court. At the hearing on November 12, 1971, the trial judge, by order dated November 15, 1971, allowed a credit on the principal sum of a proportionate amount of the cash paid based upon the proportion the amount asserted in the present action bore to the entire amount claimed in the bankruptcy proceedings, to wit: $1,685.78.

The cross appeal of the plaintiff-landlord, Atlanta Arts

Alliance, Inc., complains of this judgment.

The contention that nothing in Section 52 (b), Section 56, or Section 60 of the Civil Practice Act (*Code Ann.* §§ 81A-152, 81A-156, 81A-160) permits the modification of a judgment entered pursuant to the grant of a motion for summary judgment, and, therefore, a modification here was erroneous is without merit. First, Section 52 (b) of the Civil Practice Act (Ga. L. 1969, pp. 645, 646; Ga. L. 1970, pp. 170, 171; *Code Ann.* § 81A-152) applies only to "actions in the Superior Courts . . ." Secondly, the trial judge had the inherent power during the same term of court in which the judgment was rendered to revise, correct, revoke, modify or vacate such judgment, even upon his own motion, for the purpose of promoting justice and in the exercise of a sound legal discretion. *Armour & Co. v. Youngblood,* 107 Ga. App. 505, 508 (130 SE2d 786); *Dover v. Dover,* 205 Ga. 241 (53 SE2d 492); *Eastside Lumber &c. Co. v. Barfield,* 193 Ga. 273 (18 SE2d 492).

Nor can the plaintiff-landlord allocate the funds received, that is the cash portion of the settlement, solely as a credit upon that portion of the claim which it did not sue upon in the present case, based upon *Code* § 20-1006. The section has no application to a situation such as that in the present case, when a portion of the cash received was a settlement of the very claim sued upon. For that portion, the defendants were entitled to credit, and there was no error in so doing.

The judgment in case No. 46938 is, therefore, affirmed.

*Judgment in case No. 46936 reversed. Judgment in case No. 46937 affirmed in part; reversed in part. Judgment in case No. 46938 affirmed. Hall, P. J., and Quillian, J., concur.*

Argued March 1, 1972—Decided June 21, 1972— Rehearing denied July 12, 1972—

*Webb, Parker, Young & Ferguson, Robert G. Young, Harold T. Daniel, Jr.,* for LeCraw.

*Haas, Holland, Levison & Gibert, Theodore G. Frankel, Andrew C. Hall, Harold Corlew,* for Barnette.

*Alston, Miller & Gaines, Francis Shackelford, Orinda D. Evans,* for appellees.