## 50865. ERQUITT v. SOLOMON et al.
## 50866. FREEZ-ETTE CORPORATION v. SOLOMON et al.

WEBB, Judge.

Joel W. Solomon and Moses Lebovitz brought a statutory ejectment suit to recover from Freez-ette Corporation and Carris Erquitt certain premises in Troup County. Plaintiffs and defendants each filed motions for summary judgment. The trial court sustained plaintiffs' motion, holding that as a matter of law they were entitled to recover possession from the defendants. The defendants appealed.

At issue is the construction of a lease agreement between Solomon's and Lebovitz's predecessor in title to the premises, and Freez-ette as lessee. Had the lease expired by its terms when Freez-ette and Erquitt, its sub-lessee, attempted to exercise an option for renewal, and could the trial court determine as a matter of law that the lease had so expired?

The lease agreement was made by Robert E. Williams as lessor (predecessor to Solomon and Lebovitz) and Freez-ette on October 24, 1962. Paragraph 1 reads: "The term of this lease shall be *10 years,* which term shall begin on the first day of January, 1963 and end on the last day of December, 1973." (Emphasis supplied.)

Paragraph 2 of the lease provides for rental payments of $100 per month from January 1, 1963 to December 31, 1965, and $125 per month from January 1, 1966 to December 31, 1973.

Paragraph 3 reads: "Lessor gives, grants and conveys to Lessee or its assigns an option for an additional *10 years term* at a monthly rental of $125.00 per month provided that *Lessor is notified in writing* not less than sixty (60) days before the expiration of the *ten year* term of their election to exercise said option." (Emphasis supplied.)

No attempt was made by either Freez-ette or Erquitt to exercise the option to renew until April 12, 1973. Then Solomon and Lebovitz declined to execute the letter agreement tendered by Freez-ette to renew the lease, and thereafter called on Freez-ette and Erquitt for possession

of the premises. Lessees contend that the trial court erred in its construction of the lease agreement, and the ambiguity in the lease agreement presented a factual issue requiring determination by a jury. *Held:*

The whole contract must be looked to in arriving at the construction of any part. Code § 20-704 (4); *Cotton States Mut. Ins. Co. v. Hutto,* 115 Ga. App. 164, 166 (154 SE2d 375). Construction of ambiguous contracts is the duty of the court, and no jury question is raised unless after application of the pertinent rules of construction the ambiguity remains. *Davis v. United American Life Ins. Co.,* 215 Ga. 521 (2) (111 SE2d 488). "It does not follow that merely because there are two possible interpretations which might be employed in construing a contract the matter automatically becomes a question for the jury. If that were true the court would rarely, if ever, construe a contract as *Code* § 20-701 declares its duty to be. The role and function of a court is higher than that of a mere referee." *Farm Supply Co. of Albany v. Cook,* 116 Ga. App. 814 (1), 816 (159 SE2d 128).

It is apparent from the lease agreement itself that the use of the year "1973" was an unintentional miscalculation of the scrivener. The lease indicates no less than three times that it was for a ten-year term—in paragraph 1 "The term of this lease shall be 10 years"; and in paragraph 3 an option for "an additional 10 years term" provided written notice is given not less than 60 days "before the expiration of the ten year term . . ." To give effect to the clerical error would be to change the term of the lease to eleven years, thus defeating the manifest intention of the parties. To give it the construction that the term was for ten years is to reconcile its different parts, which is in accord with the real purpose of the judicial construction of contracts. *Sachs v. Jones,* 83 Ga. App. 441, 444 (63 SE2d 685).

Having determined that the lease agreement was for a term of ten years, the effort to renew the option came after its expiration and was too late. Lessees contend, however, that the acceptance by lessors of rental payments after the expiration of ten years bound both the lessors and the tenants for an additional term. Where the option contemplates the right to renew the old contract,

*provided written notice is given* before expiration of the original term, the mere payment by the lessee and acceptance by the lessor of rentals after the expiration of the original lease does not effect a renewal, and the lessee would occupy the status of a tenant at will. *Citizens Oil Co. v. Head,* 201 Ga. 542 (2) (40 SE2d 559); *LeCraw v. Atlanta Arts Alliance, Inc.,* 126 Ga. App. 656, 661 (191 SE2d 572). Lessees undoubtedly had considered a written renewal necessary inasmuch as they submitted to lessors the letter agreement for execution.

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

ARGUED JUNE 17, 1975 — DECIDED JULY 16, 1975.

*Richter & Birdsong, Horace Richter, Allen B. Keeble,* for appellant (case No. 50865).

*Westmoreland, Hall, McGee & Warner, John L. Westmoreland, Jr., Joseph P. McGee, Kendrick W. Mattox, Jr.,* for appellant (case No. 50866).

*Duncan & Thomasson, Thurman E. Duncan, Kendrick W. Mattox, Jr., Joseph P. McGee, Horace Richter,* for appellees.