52779. FLAMEX DISTRIBUTORS, INC. v. HERMAN et al.

MARSHALL, Judge.

Herman and Paulk, lessors, leased a certain building to Flamex for one year commencing June 1, 1974. On June 6, 1975, six days after the lease expired, the building was destroyed by fire. The dispute in this case is whether Flamex was required to protect against such loss by providing insurance coverage as called for by the lease.

The lease provided that the lessee, Flamex, would maintain fire insurance to cover loss or destruction of the building caused by lessee's operations therein. However, at the time of the fire, Flamex did not have such a policy in effect. Flamex contends that because the lease had expired, it became a tenant at will and therefore had no duty to maintain fire insurance on the building. Lessors

concede that if the lease was no longer in effect, Flamex had no obligation to maintain fire insurance. But they contend that the lease was renewed in accordance with paragraph 25 of the lease, which provides: "If Tenant [Flamex] remains in possession of premises after expiration of the term hereof, with Landlord's acquiescence and *without any express agreement of parties,* Tenant shall be a tenant at will at rental rate in effect at end of lease; and there shall be no renewal of this lease by operation of law." (Emphasis supplied.)

Lessors contend that there was an "express agreement of parties" in two respects. First, lessors wrote a letter to Flamex on April 29, 1975, one month before the lease expiration date stating, "rather than drawing up a new lease we are willing to renew for one additional year the original lease by letter agreement; however, due to increased insurance and tax costs we have no choice but to increase monthly rental to $450.00 per month. Also, we would appreciate a copy of the insurance coverage you now have on the premises. If this is entirely satisfactory to you, please sign the bottom of this letter and return to us." Secondly, even though the letter was never signed or returned, Flamex remained in possession, paid the increased monthly rate for the month of June, and furnished a certificate of insurance to Lessors (some two months after the fire, though the coverage was for liability only, which was also required by the lease).

Lessors sued Flamex in two counts: Count 1 on the lease contract, and Count 2 in tort. Flamex moved for summary judgment as to Count 1. From its denial, Flamex sought and this court granted an interlocutory appeal. *Held:*

We reverse. To renew the lease it was necessary for the parties to expressly agree upon such renewal. It is clear that there was no "express agreement."

Lessors contend that the letter was an "express agreement" in that it was a written communication in direct terms that the existing lease would be renewed at an increased rental rate. While the letter may have been an express offer to renew, it by no means represents an express *agreement,* because Flamex did not expressly accept the offer. The actions of Flamex in paying the

increased rental, of continuing occupation of the premises, and of sending a certificate of insurance, may have *implied* that Flamex concurred in the renewal, but an implied agreement and an express agreement are not the same and are in fact antonymous. "Express" means "[m]anifested by direct and appropriate language, as distinguished from that which is inferred from conduct. The word is usually contrasted with 'implied.' " Black's Law Dictionary, p. 691 (4th Ed. 1951). "Options [to renew], to be effective must be exercised according to their language . . ." *Smith v. Huckabee Properties, Inc.*, 111 Ga. App. 451, 454 (142 SE2d 320). The purported renewal by implication did not substitute for the express renewal called for by the contract.

Lessors also contend that the payment of rental, in an increased amount, plus the furnishing of the certificate of insurance constituted a renewal of the lease. This contention of renewal by continued payment of rentals was rejected in *Erquitt v. Solomon,* 135 Ga. App. 502 (218 SE2d 172). "Where the option [to renew] contemplates the right to renew the old contract, *provided written notice is given* before expiration of the original term, the mere payment of the lessee and acceptance by the lessor of rentals after the expiration of the original lease does not effect a renewal, and the lessee would occupy the status of a tenant at will. *Citizens Oil Co. v. Head,* 201 Ga. 542 (2) (40 SE2d 559); *LeCraw v. Atlanta Arts Alliance, Inc.,* 126 Ga. App. 656, 661 (191 SE2d 572)." *Erquitt v. Solomon,* 135 Ga. App. 502, 503, supra.

The fact that rental payments made and accepted in *Erquitt* were for the same amount, and not an *increased* amount as in the present case, does not undermine its value as case precedent. In each case the voluntary rental payments made were merely monthly rental payments under tenancies at will, and were not payments under the lease contract. Its payment by Flamex may have shown an implied concurrence to renew the lease (as discussed above) but it did not constitute an express renewal.

Summary judgment as to Count 1 was improperly denied.

*Judgment reversed. Quillian, P. J., and McMurray, J., concur.*

ARGUED OCTOBER 12, 1976 — DECIDED DECEMBER 1, 1976—
REHEARING DENIED DECEMBER 15, 1976 — 

*Somers & Altenbach, David D. Rawlins,* for appellant.

*John E.Sacker, Jr.,* for appellees.