## 54734, 54735. AETNA CASUALTY & SURETY COMPANY v. PHOENIX INSURANCE COMPANY; and vice versa.

BIRDSONG, Judge.

In the first appearance of this case before this court, we held that Phoenix Insurance Co. (Phoenix), as loss-payee of a fidelity insurance contract, had standing to bring suit on the contract in its own name. See *Phoenix Ins. Co. v. Aetna Cas. &c. Co.,* 120 Ga. App. 122 (169 SE2d 645), for further elaboration of the facts. Upon remittitur to the trial court, summary judgment was granted in favor of Phoenix, and the Aetna Cas. & Surety Co. (Aetna) appeals.

1. Construction of ambiguous contracts is the duty of the court, and no jury question is raised unless after application of the pertinent rules of construction an ambiguity remains. *Erquitt v. Solomon,* 135 Ga. App. 502 (218 SE2d 172). The relevant portion of the loss-payable clause of the contract upon which this action is predicated, and Phoenix' rights are determinative, provides: "It is agreed that any loss payable hereunder shall be paid to the Phoenix Insurance Company, Hartford, Connecticut (hereinafter referred to as Phoenix) for the use and benefit of the Phoenix and the Florists Mutual Insurance Company, Edwardsville, Illinois (hereinafter referred to as Florists), *for such loss as the Phoenix and Florists may sustain through their interest in the Obligatory First Surplus Fire and Inland Marine Treaty of the Hamilton Treaty Reinsurance Group."* (Emphasis supplied.) The plain wording of the contract confers loss-payee status upon Phoenix *only* as to losses sustained through its interests in the Obligatory First Surplus Fire & Inland Marine Treaty (Obligatory Treaty). The record is replete with contested factual issues as to the extent of loss suffered by Phoenix through its interest in the Obligatory Treaty, and although the grant of summary judgment as

to liability on the part of Aetna was correct, it was error to grant summary judgment as to the amount of loss, so long as factual issues remain for jury resolution. *Lewis v. C. & S. Nat. Bank,* 139 Ga. App. 855, 860 (229 SE2d 765).

2. Phoenix is entitled to recover from Aetna only *fidelity* losses sustained through its interest in the Obligatory Treaty. On the facts of this case a fidelity loss occurred when funds held in a fiduciary capacity were misapplied. See, Fidelity & Deposit Co. of Md. v. USAFORM Hail Pool, 523 F2d 744 (5th Cir. 1975). Issues of fact remaining as to the amount of *fidelity* loss sustained by Aetna through its interest in the Obligatory Treaty, the grant of summary judgment was error.

3. Whether a fidelity loss was sustained as a result of the dishonest acts of an "employee," within the meaning of the contract, is an issue of fact which was improperly resolved by the trial court. If, in fact, a wrongful diversion of funds occurred, it was for the jury to determine the status of the individual who wrongfully diverted such funds, at the time of such diversion.

4. The trial court erred in removing from the jury the determination as to whether certain conditions precedent to recovery under the fidelity bond, as required by the contract, were satisfied.

5. The foregoing issues of fact remaining for jury resolution, the grant of summary judgment as to these issues was error. Pending resolution of these issues, appellee's cross appeal for the pre-judgment interest is without merit.

*Judgment reversed in 54734; affirmed in 54735. Deen, P. J., and Webb, J., concur.*

ARGUED OCTOBER 6, 1977 — DECIDED JANUARY 4, 1978 — REHEARING DENIED JANUARY 23, 1978 — 

*Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, Frank Mays Hull, James J. Keaten,* for appellant.

*Sam F. Lowe, Jr., Navarre & Navarre, Joseph A. Navarre, Sr.,* for appellee.