74522. ALBERMARLE, INC. v. EATON CORPORATION.
(357 SE2d 887)

DEEN, Presiding Judge.

The appellant, Albermarle, Inc., owns property in DeKalb County, which it purchased from Adair Realty Company on October 24, 1966. On March 28, 1966, Adair had leased the premises to Cutler-Hammer, Inc., which manufactured and assembled electric motor control centers. The initial term of that lease was for a 15-year period, with options to renew for two 5-year terms. The lease specifically lim-

ited these options to the lessee and not to any assignee of the lease. The lease further defined "lessee" as the original lessee, its successors, or its assignees if the lease was validly assigned.

On March 30, 1979, Cutler-Hammer, Inc., was merged into Eaton Corporation, the appellee (Eaton). Following the merger, Eaton made the rental payments and continued to operate essentially the same business as Cutler-Hammer, Inc. On January 18, 1980, Eaton notified the appellant's leasing agent of the merger and that the lease had legally passed to Eaton. On February 9, 1981, Eaton gave notice of its decision to exercise the first renewal option. At that time, the appellant did not reject that renewal, but on September 18, 1984, the appellant advised Eaton that the second renewal option would not be honored, pursuant to the lease provision denying such options to any assignee of the original lessee.

The appellant subsequently sought declaratory judgment that Eaton, as an assignee, was not entitled to exercise the second renewal option. This appeal follows from the trial court's grant of summary judgment for Eaton, after finding that Eaton was not an assignee within the meaning of the lease provision in question. *Held*:

The issue identified by the parties in this case is whether a successor corporation constitutes an assignee of a merged corporation by virtue of the merger. Both parties acknowledge that this question has not yet been addressed in Georgia, and that other jurisdictions are split on the issue.

Typical merger statutes provide that all property of a merged corporation vests in the successor corporation without further act or deed. See OCGA § 14-2-216. Certain jurisdictions have taken the view that the passage of property interests by operation of law under such merger statutes does not operate as a breach of a covenant barring assignment. See, e.g., *Segal v. Greater Valley Terminal Corp.*, 83 N. J. Super. 120 (199 A2d 48) (1964). Other jurisdictions, emphasizing the right of a lessor to select his tenant, have taken the opposite view regarding such transfers by operation of law. See *Citizens Bank & Trust Co. of Md. v. Barlow Corp.*, 456 A2d 1283 (Md. 1983). It is an interesting conflict of views, but the facts of the instant case do not present this court with the opportunity to adopt either view.

In this situation involving a corporate merger, while it may not be inaccurate to refer to a surviving corporation as an assignee of a merged corporation, the survivor is more properly described as the successor of the merged corporation. Because the express terms of the lease defined "lessee" as the original lessee and its successors, and because Eaton was the successor of Cutler-Hammer, Inc., Eaton was entitled to exercise the renewal options.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur and also concur specially.*

BIRDSONG, Chief Judge, concurring specially.

I concur fully in the reasoning, conclusions and judgment of the majority. Additionally, I feel compelled to observe that Albermarle, whether it considered Eaton as a successor corporation or an assignee of Cutler-Hammer, had acquiesced in the first five-year renewal in 1981 exercised by Eaton under the right of renewal conferred under the lease. Albermarle could have argued its present position in 1981 but having acquiesced in Eaton's first renewal could not but have induced a reasonable belief in Eaton that Albermarle would consent to the second renewal, thus removing any concern in Eaton to look elsewhere. See *Smith v. Hanna Mfg. Co.*, 68 Ga. App. 475 (23 SE2d 552). Because Albermarle honored the first notice, this conduct acts as an estoppel against Albermarle to assert any assumed right to reject Eaton's second renewal as an "assignee." See *Hicks v. Gentry*, 104 Ga. App. 3, 5-6 (3) (120 SE2d 915).

I am authorized to state that Judge Pope joins in this special concurrence.

DECIDED MAY 26, 1987.

*Barry L. Katz*, for appellant.
*Michael A. O'Quinn, Theodore Freeman*, for appellee.