### 45283. HEAD v. SCANLIN et al.
(367 SE2d 546)

SMITH, Justice.

A jury sitting in equity returned a verdict granting the plaintiff-appellee, Thomas Scanlin, specific performance and the right to purchase a building in which he operated his jewelry store. We affirm.

The appellee leased a building on the square in Dahlonega, Georgia, from Melvin Bruce on April 5, 1983.[1] Mr. Bruce retained Century 21 Realty Company to manage the property and Ms. Millie Brooks was the agent.

On February 2, 1984, the appellee informed Ms. Brooks that he wished to remain in the building and inquired about the necessary steps to extend the lease (stipulation d.). The appellee testified that Ms. Brooks told him that nothing further needed to be done. Relying on his conversation with Ms. Brooks, he made no further inquiries, remained in possession, and continued to pay rent, including a $10 late fee (stipulation c.) and a ten percent increase in rent (stipulation d.).

The property was listed for sale during the second year of the lease and Mr. Bruce remarked to the appellee that he would have a hard time selling the building because the appellee "had it locked in." The listing sheet that Ms. Brooks distributed indicated that the property was "Leased to Jeweler." The appellee testified that Ms. Brooks asked him on two occasions if he would sell his lease.

Twice before she purchased the property, the appellant, Mrs. Head, a real estate agent with Century 21 and witness to the appellee's signature on the lease, asked him if he would sell his lease. Before she bought the property, she projected the income she would receive from his lease. It was her understanding that the lease had been renewed, and that his right of first refusal (stipulation e.) had been satisfied; however, the property was sold before the appellee was

---

[1] Included in the terms of the standard lease was the following: "HOLDING OVER 25. If Tenant remains in possession of premises after expiration of the term thereof, with Landlord's acquiescence and without any express agreement of parties, Tenant shall be a tenant at will at rental rate in effect at end of lease; and there shall be no renewal of this lease by operation of law." At the bottom of the standard contract appeared the following: "SPECIAL STIPULATIONS In so far as the following stipulations conflict with any of the foregoing provisions, the following shall control. . . c. If rent is not paid within 5 days of due date, $10 late fee will be paid. d. tenant has the option to renew this lease for ten one year periods at no more tha[n] 10 percent increase in rent per renewal. e. Lessor hereby gives Lessee first right of refusal should Lessor sell the building." (Emphasis supplied.)

offered an opportunity to exercise his right of first refusal. The sales contract Mrs. Head prepared included the following: "Purchaser is aware of the long term lease on said property."

Mr. Bruce testified that he was under the impression that the lease was viable and in force and he mentioned the same at the closing.

1. The appellant argues that this case is controlled by *Flamex Distributors v. Herman*, 140 Ga. App. 771 (232 SE2d 124) (1976). Both the Scanlin lease and the *Flamex* lease contained identical 25th paragraphs which prevent renewal of a lease by operation of law in the event a tenant holds over. The contention in *Flamex* was that the lease was renewed pursuant to Paragraph 25, but the court disagreed and held that in order to renew an expired lease under Paragraph 25 there must be an "express agreement" of the parties. The appellant argues that there must be an "express agreement" of the parties to renew the Scanlin lease. We do not agree.

The intention of the parties entering the lease must be ascertained from the facts and circumstances. "The question is. . .whether the parties intended a present devise or that a new lease be executed at the end of each [one-year term]." *Hicks v. Gentry*, 104 Ga. App. 3, 5 (120 SE2d 915) (1961). Stipulation "d" granted the appellee an option to renew the lease "for ten one year periods." If the parties had intended a new lease they would have included only an option for the first year and not options for years two through ten, because such an agreement in the original lease would not have been necessary. Indeed, the first lease with all of its provisions would have been superseded by a new lease and the new lease would have had to include an option for the second renewal period. Id.

Paragraph 25, in the standard form portion of the lease was drafted to protect lessors from hold-over tenants. Paragraph 25 does appear in the standard form portion of the lease; however, the appellee relies upon stipulation "d," which he specifically negotiated for and obtained and which, according to the terms of the contract, controls in case of a conflict. Stipulation "d" was drafted to protect the appellee by granting him an option to extend his lease. Stipulation "d" does not expressly provide for notice nor, as stated above, does it contemplate a new contract at the end of the first year. *Hicks v. Gentry*, supra.

If a stipulation contemplates an extension of time under a lease, without an express provision for notice, and no new agreement is contemplated, then, when the lessee remains in possession by virtue of the contract and continues to pay the rent, both the lessee and the lessor are bound for the additional time stipulated in the lease, and no further notice is required. *Hamby & Toomer v. Ga. Iron &c. Co.*, 127 Ga. 792, 802 (56 SE 1033) (1906).

"The construction placed upon a contract by the parties thereto, as shown by their acts and conduct, is entitled to much weight and may be conclusive upon them. [Cit.]" *Scruggs v. Purvis*, 218 Ga. 40, 42 (126 SE2d 208) (1962). The appellee and Mr. Bruce both testified that they were under the impression that the lease was in effect at the time the property was sold.

"[W]e are dealing here with the extension of the lease and not a renewal thereof." *Ask Enterprises v. Johnson Model Bedding*, 155 Ga. App. 294, 297 (270 SE2d 709) (1980); *Hamby & Toomer v. Ga. Iron &c. Co.*, supra. The trial court did not err in refusing to grant the appellant's motion for directed verdict.

2. Because the appellee's right of first refusal was denied, we find no error in the trial judge awarding him credit for the full amount of rent he paid to the appellant from the time his right was abridged.

*Judgment affirmed. All the Justices concur, except Marshall, C. J., who concurs in the judgment only, and Hunt, J., who concurs in the judgment only as to Division 1 and dissents as to Division 2.*

DECIDED MAY 4, 1988.

*Glass, McCullough, Sherrill & Harrold, John A. Sherrill, Terrence McQuade,* for appellant.

*Hartness, Link & Hardman, William S. Hardman, Smith, Gambrell & Russell, David A. Handley, Jonathan D. Moonves,* for appellees.