A90A1623. GARMON v. U. S. ENTERPRISES, INC. et al.
(400 SE2d 371)

BEASLEY, Judge.
Plaintiff Garmon appeals an adverse judgment after a bench trial. Plaintiff had brought dispossessory proceedings against William

Corey and his agent, U. S. Enterprises, Inc. Plaintiff alleged that defendants were tenants at will as to certain property owned by her, and that they had been given 60 days notice to vacate the premises but had refused to do so. Defendants answered and asserted that Corey's right to occupancy was based upon a lease agreement which contained two options to extend the term of the lease for five additional years, both of which he had exercised. As a result, Corey was a tenant for the term of the second five years, from 1989 to 1994.

On May 20, 1964, Garmon leased property located at 6350 Memorial Drive to Phillips Petroleum for 20 years, from November 1, 1964 through October 31, 1984. The lease contained a provision that permitted the lessee to extend the lease for two periods of five years each upon giving proper notification to the lessor prior to the lease's expiration. In 1977 Phillips Petroleum assigned its rights under the lease to Corey. From that time on, his agent and wholly owned corporation, U. S. Enterprises, paid the monthly rental.

In January 1984, Bob King, an officer of U. S. Enterprises, sent a notice by certified mail to Wheat Williams Realtors, the leasing agent for Garmon. The letter referenced the lease, the property location and the parties, and stated: "we exercise the first of two (2) five (5) year options stated in paragraph 13 of the lease agreement." Corey continued to occupy the premises, paying the $250 per month rent provided for in the contract through his agent, U. S. Enterprises, until 1989. Garmon made no protest nor attempted to raise the rent from the stipulated rate. In 1988 Corey subleased the property.

On May 2, 1989, Robert Jackson, an officer of U. S. Enterprises, sent by certified mail a notice almost identical in content to the 1984 notice. It referred to the lease agreement, the property location and the names of the parties. It stated: "we exercise the second of two (2) five (5) year options stated in paragraph 13 of the lease agreement." This letter was sent to Wheat Williams Realty which forwarded it to Garmon on May 5.

The trial court in a very thorough and detailed order found that Corey had substantially complied with the provisions regarding giving notice to Garmon that he wished to extend the term of the lease for five years from 1984 to 1989 and for five years from 1989 to 1994. Having exercised his options, Corey was not a tenant at will who could be ousted upon 60 days notice. Rather, he held under the lease agreement for a specific term of five years.

On appeal Garmon contends that Corey failed to comply with the provision of the contract which states the notice would be sent to Garmon's address as set forth in the contract. Garmon also asserts that the notice nowhere indicates that the option is being exercised on behalf of Corey. Lastly, Garmon argues that the contract requires a renewal rather than an extension of the lease and that the mere

payment by the lessee and acceptance by the lessor of rentals after expiration of the original lease does not effect a renewal, and lessee occupies the status of a tenant at will. She cites *Citizens Oil Co. v. Head*, 201 Ga. 542 (40 SE2d 559) (1946), and *Erquitt v. Solomon*, 135 Ga. App. 502 (218 SE2d 172) (1975).

Paragraph 13 of the lease gave lessee the option to extend the lease for a term of five years after expiration of the primary term (20 years) and if that option was exercised the further option of extending the term for an additional term of five years from the extended term. The lessee had to give lessor written notice at least 30 days before expiration of the primary term or of the extended term, as the case might be.

The lease in paragraph 16 provided that: "All notices required . . . shall be considered as properly given if delivered in writing, personally, or sent by certified United States mail, postage prepaid with return receipt requested, addressed to Lessor at the address first above shown." Lessor Garmon had moved in 1988 and had sent her new address to Corey in December that year.

The agreement did not require paragraph 16 notice as the exclusive means of accomplishing the requirement of giving written notice to lessor 30 days before expiration of the lease term. In both instances, in 1984 and 1989, Garmon obviously was informed by a written document that the five-year options were being exercised. Moreover, the notices were given well before expiration of the primary term and the extended one. The essential requirement was that Garmon receive the notices, which she did. The failure to address the notices directly to Garmon forms no basis for voiding the exercise of the options.

Garmon had been dealing with Corey through his agent and wholly owned corporation throughout the existence of their lease relationship. There is no merit to the contention that the letters did not disclose that Corey was exercising *his* rights under the terms of the lease.

The cases cited by Garmon, *Citizens Oil Co.*, supra, and *Erquitt*, supra, are inapposite because they only stand for the proposition that merely paying rent, which is accepted, beyond the term does not act to effectuate a renewal (as opposed to an extension) of the lease, but only a tenancy at will. This lease did provide expressly that the term could be extended, not renewed, in which case, if notice was not provided for, then merely remaining in possession and paying rent would result in the term being extended. *Hamby &c. v. Ga. Iron &c. Co.*, 127 Ga. 792, 802 (56 SE 1033) (1906); *Head v. Scanlin*, 258 Ga. 212, 213 (1) (367 SE2d 546) (1988); *Linch v. McNeil Real Estate Fund*, 146 Ga. App. 505, 507 (2) (246 SE2d 718) (1978).

Where notice is mandated it must be given. *Flamex Distributors*

*v. Herman*, 140 Ga. App. 771, 773 (232 SE2d 124) (1976). The written notice that the right to extend was being exercised, under the lease contract, did insure the continuation of the lease for the term specified. *Chalkley v. Ward*, 119 Ga. App. 227, 232 (1) (166 SE2d 748) (1969); *Thornton v. Ellis*, 184 Ga. App. 884, 885 (1) (363 SE2d 584) (1987).

Judgment affirmed. *Deen, P. J., and Pope, J., concur.*

DECIDED DECEMBER 5, 1990.

*Earnie R. Breeding*, for appellant.
*McKenzie & McPhail, Stephen M. Schatz, Wayne D. Taylor*, for appellees.